L. E. CULVER v. THE STATE.

No. 7448.  Decided February 14, 1923.

Rehearing granted March 28, 1923.

1.—Manufacturing Intoxicating Liquor—Hearsay Evidence.

Upon trial of the unlawful manufacture of intoxicating liquor, there was no error in the rejection of testimony to the effect that another party had stated to the witness that the apparatus testified about belonged to him; as this was purely hearsay.

2.—Same—Moral Turpitude—Evidence—Rule Stated.

It is well settled in this State that one who becomes a witness in his own behalf may be asked with reference to his indictment or conviction of other felonies; besides, the bill of exceptions was defective.

3.—Same—Peremptory Charge—Acquittal.

Upon trial of unlawfully manufacturing intoxicating liquor, there was no error in refusing a peremptory instruction of acquittal, under the facts of the instant case.

4.—Same—Misconduct of Jury.

Where, upon trial of unlawfully manufacturing intoxicating liquor, the record on appeal showed that the jury, in its retirement and consideration of its verdict, received other facts not in evidence which were injurious to defendant, and which was not controverted by the State, the judgment must be reversed because of such misconduct.

5.—Same—Rehearing—Sufficiency of the Evidence—Practice on Appeal.

While the judgment will not be reversed and the cause remanded on a complaint of insufficient evidence to support the conviction, yet the court is constrained to order a reversal on account of alleged misconduct of the jury.

Appeal from the District Court of Titus.  Tried below before the Hon. R. T. Wilkinson.

Appeal from a conviction of the unlawful manufacture of intoxicating liquor; penalty, óne year imprisonment in the penitenitary.

The opinion states the case.

*Seb F. Caldwell* for appellant.—On question of misconduct of jury; Mitchell v. State, 36 S. W. Rep., 456; McDougal v. State, 194 id., 948; Brown, v. State, 242 id., 219; Hill v. State, 215 id., 107.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Titus County of manufacturing intoxicating liquor, and his punishment fixed at one year in the penitentiary.

By his bill of exceptions No. 1 appellant complains of the rejection of testimony of a witness by whom he sought to prove that another party had stated to witness that the apparatus testified about in this case belonged to him. We know of no authority which would hold such testimony removed from the domain of hearsay, and in our opinion it was inadmissible.

Appellant's bill of exceptions No. 2 presents objection to proof on the part of the State of the fact that appellant had been convicted and given a suspended sentence upon his prosecution for a felony, and also the fact that appellant was now under bond for his appearance before the Federal court to answer for violating the Federal liquor law. It is well settled in this State that an appellant who becomes a witness in his own behalf may be asked with reference to his indictment or conviction of other felonies. Such testimony tends to affect his credibility. It is not affirmatively shown in the bill that the charges pending against appellant in the Federal court were not felonies. No error appears in said bill of exceptions.

Bill of exceptions No. 3 presents appellant's further complaint of the rejection of evidence offered in his behalf which in our opinion is clearly hearsay.

There was no error in refusing a peremptory instruction of acquittal.

The bill of exceptions complaining of misconduct of the jury presents no error. This matter was set up in appellant's motion for new trial and one witness testified upon the hearing before the trial court. The statements attributed to one of the jurors while the jury was in retirement were in the nature of a reply to argument made by another juror, and while said statements appear to reflect a matter not in testimony, they were of apparently little materiality and we would not deem the learned trial court in error in declining to grant a new trial because of same.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

March 28, 1923.

LATTIMORE, Judge.—In a strong motion supported by forcible oral argument appellant insists that we were wrong in our original opinion. We have reviewed the facts in evidence in view of the insistence that same are insufficient to justify the conclusion of guilt, but we find ourselves unable to agree with appellant in this regard. Appellant left his home about 3:30 in the afternoon, according to his own testimony, for the purpose of going to see a negro who was apparently cultivating land some where in the vicinity of the place where he was presently found at a still. This was about a mile from

appellant's home. At a time not fixed definitely but stated to be between four and five o'clock that afternoon, the two State witnesses found him at a still which was in operation at the time. The State witnesses were looking for the still and located it by various indications; they separated and went around a bog and met again. One of them had waited for a few minutes for the other. They then stood there and discussed how best they could approach and capture the men operating the still. Both of these witnesses testified that no one came to the still while they were there watching; that five men were walking around the still and talking. Presently by agreement the men, one of whom was an officer, called out to the party at the still to "hands up." They said that the men all ran. Appellant ran by one of the State witnesses who had a winchester rifle. This witness testified that after appellant ran by him he fired the rifle twice in an effort to scare appellant and make him stop. Both witnesses deny that any firing was done until after the men at the still ran. Appellant refused to stop either at the instance of the officers or at the firing of the gun, but, according to the State witnesses, ran into a bog which rendered his capture possible. No witness appeared to support appellant's contention save himself. We would be unwilling under this state of facts to hold that the jury were actuated by prejudice or transcended their province in concluding guilt.

We are led to believe, however, that our opinion as to the effect of alleged misconduct of the jury was not well considered. It is true that as stated in our original opinion, the jurors were arguing back and forth the question of appellant's guilt, and one who was favorable to appellant was insisting that a man might have been simply passing by that still and have been there when the officers found him and still not be guilty, and in reply to this argument appears the statement which was relied upon as evidencing misconduct. In reply to the argument of the juror favorable to appellant, it appears from the testimony taken upon the hearing of the motion for new trial that another juror spoke apparently to the assembled jurors and said, "I know that country down there for I used to live there, and that man was a mile out of his way to get to that still." It is true that the jury does not have to accept the explanation of the conduct given by one charged with crime and on trial therefor, but appellant's contention, supported by his own testimony, was that he was on his way down to see the negro above mentioned and that he unintentionally approached said still and was just getting there as the officers called out to "hands up," and that he was in that vicinity for the purpose of seeing said negro and for no other. Upon more mature reflection it does appear to us that the statement of the juror that he knew the country because he used to live there, and that appellant was a mile out of his way at that still,—is susceptible of injurious effect. If said juror knew where the negro lived and worked what appellant

claimed to be on his way to see on the occasion in question, and knew that the place toward which appellant insisted he was going was such as that he was a mile off his road or out of his way at the still, this might very seriously affect the jury's inclination for or against the theory testified to by appellant. In fact we are led to believe that this amounted to testimony other than that of a witness and which was contradictory to the testimony of appellant while on the witness stand. The bill of exceptions approved by the trial court without qualification shows that the juror who was favorable to appellant was the only one who testified on the hearing of the motion for new trial. The State did not controvert this testimony in any way. None of the other jurors appeared, and we are thus left in a position where we can not say that the trial court heard the testimony offered upon the hearing of the motion for new trial, and after such hearing overruled same, and because of possible conflicts therein, we must conclude it supported his conclusion. There being no evidence controverting that of the juror as to misconduct of the jury and the giving of testimony during their deliberations, by one of their number, unfavorable to appellant, we are led to believe ourselves in error and that our judgment of affirmance must be set aside and the rehearing granted, and the judgment reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*