## A. G. TARVER V. THE STATE.

### No. 9669.   Delivered March 3, 1926.

### Rehearing Denied April 7, 1926.

**1.—Possessing Equipment, Etc.—Charge of Court—On Defensive Issue—Properly Refused.**

Where, on a trial for possessing equipment for the purpose of manufacturing intoxicating liquor, there was no error in the refusal by the court to charge the jury to acquit appellant, if they believed the still in question was placed where it was found by parties other than the defendant.  Such issue was not raised by any evidence adduced, and was not material on the trial, as it did not in any way affect appellant's possession of the still.

**2.—Same—Evidence—Res Gestae—Properly Admitted.**

Where, immediately on his arrest, the appellant made a statement to the officers relative to a can, and a container, a part of the equipment for manufacturing intoxicating liquor, found in his possession, there was no error in admitting such statement, same clearly coming within the rule of res gestae declarations.

**3.—Same—Evidence—Hearsay—Properly Excluded.**

Where appellant sought to prove the declarations of two parties, made to a witness who saw them in the woods at or about the time in question, such evidence was hearsay and was properly rejected by the court.  Following Freeman v. State, 249 S. W. 466, and other cases cited.

#### ON REHEARING.

**4.—Same—Evidence—Held Sufficient.**

Where officers who were watching two barrels of mash, in woods near appellant's home saw him bring a still near to the mash, and set up the still and begin preparations for manufacturing whiskey with the mash, the fact that defense witnesses controverted the testimony of the officers, the jury having decided the issue thus raised in favor of the state, presents no reason why the verdict should be set aside, and the motion for rehearing is overruled.

Appeal from the District Court of Hardin Conty.   Tried below before the Hon. J. L. Maury, Judge.

Appeal from a conviction for possessing equipment for the purpose of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Singleton & Bevill* of Kountz, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,*
Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction was had in District Court
of Hardin County for the unlawful possession of equipment for
the manufacture of intoxicating liquor; punishment fixed at
one year in the penitentiary.

Two officers testified that they saw appellant on what was
called Deserters' Island at a place where the woods were very
thick. They had found three barrels of mash and near same
indications that fires had been made and apparently whiskey
"cooked off." From the looks of the mash they decided same
would be ready for cooking the following Monday or Tuesday.
On Monday they went back and watched the location. About
daylight on Tuesday they heard two gunshots, the sound com-
ing from different directions, but fired pretty close together.
Presently two men appeared about five minutes apart, one of
whom they said was appellant. Appellant had with him a still.
The officers further said they wanted to watch until the parties
got the still in operation. They testified that a little later they
could hear some one working "down there," and they walked
down, and appellant was coming from the direction of the mash
barrels with two buckets of mash; that he set same down and
started to pour one into the still when one of the officers told
him to stick up his hands. The still was thirty or forty feet
from where the barrels of mash were located. One of them
asked appellant where his partner was and he replied, pointing,
"that can is the only partner I have." The officers further
testified that they proceeded to break up the various articles
and as they were about to break a container of peculiar pat-
tern appellant asked them not to break it, as it had been given
to him by his wife's grandmother. The still was about one-
third full of mash, and, according to the state's testimony,
showed to have been recently used. Appellant testified and
denied having taken the still to the place; also denied having
the buckets of mash in his hands, and said that he found said
still while squirrel hunting. He also said he did not tell the
officers that the container in question belonged to him, and also
said he did not tell them that the can was his only partner.

Bills of exception Nos. 1 and 2 complain of the refusal of
special charges, neither of which was correct. Both sought to
have the jury told that they should acquit if they believed that
the still in question was placed where it was found by parties

other than appellant, or if they had a reasonable doubt of such fact, they should acquit. There is no testimony showing that any other parties had ever been seen around said still, or had any connection therewith, or that other parties placed it where found, save appellant's denial that he put same there. The fact that other men had been camped on said island for some weeks and that they left about the time of appellant's arrest, was shown by the defensive testimony, but seems of no weight supporting the proposition above advanced. There was nothing calling for the submission of such theory of acquittal under the positive testimony of the officers that the still was not at or near the mash barrels when same was first found by them, and further that on the morning of his arrest appellant was at the still and engaged in carrying mash from said barrels to the still and of pouring same into the still when they arrested him. The question as to who put the still where it was would seem in no sense determinative of appellant's guilt.

The statements made by appellant to the officers relative to the can and container seem clearly part of the res gestae.

The testimony of defense witness Clark as to what was said to him by two parties whom he saw in the woods at or about the time in question, was hearsay and inadmissible. Freeman v. State, 249 S. W. Rep. 466; Culver v. State, 249 S. W. Rep. 853; Stone vs. State, 98 Texas Crim. Rep. 364; Bates v. State, 99 Texas Crim. Rep. 647.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—It appearing from the record without dispute that about daylight on the day of appellant's arrest, officers watching in the vicinity of three barrels of mash which they had discovered, heard two shots apparently about a mile and a half apart, and that some time afterward they saw a man approaching said locality, and then about five minutes later saw appellant coming toward said place carrying a gun, and that presently he went back the way he came, and that an hour or so later he appeared bringing a still to said locality, and that he went with same in the direction of the barrels of mash, and that presently, from in the immediate vicinity of said barrels, the officers heard noises as of knocking and working around, and that some time after they went down to the immediate scene and found appellant with two buckets of mash or with one bucket of mash which he was about to empty into

the still, coupled with the other facts in testimony and discussed in our former opinion, would seem to render unimportant a statement in said opinion objected to as erroneous, viz.: the inference that appellant had the still with him when he first appeared. If appellant was the man who brought the still to the place, and if he was at it engaged in operations intimately connected with its use and the manufacture of the liquor, it would be immaterial at what time he brought the still to the scene. Both officers testified describing appellant's appearance, his clothes, etc., at the time he came bringing the still, and Mr. Bryant said: "I identified the man carrying the still. * * * It was Mr. Tarver. I am positive of that fact. I know."

We did not discuss the testimony of the defense witnesses for the reason that same only operated to contradict that of the state, and the jury having solved the disputed fact issues against the appellant, we were only concerned in determining whether there was evidence before them which justified their conclusion. It is shown that appellant lived about three-quarters of a mile in a direct line from the scene of the operation in question, and when he first appeared carrying the gun, and went away and then returned with the still, he went and came in the direction of his home. We have carefully considered the entire testimony in the light of appellant's motion but are unable to agree with his contentions, and believe the conclusion arrived at in the original opinion was correct.

The motion for rehearing is overruled.

*Overruled.*