### Will Venn v. The State.

No. 5279½. Decided April 2, 1919.

**1.—Local Option.—Transfer—District Court—County Court—Bill of Costs—Jurisdiction.**

The statute does not require that the bill of cost accruing in the District Court, accompanying the indictment in its transfer to the County Court, be itemized, and the plea to the jurisdiction on this account was therefore correctly overruled.

**2.—Same—Evidence—Other Transactions—Bills of Exception.**

Upon trial of a violation of the local option law, the testimony that the defendant bought whisky in quantities large or small, a year before the alleged sale, might become material, and where the bill of exceptions did not point out the alleged error this court will not resort to other parts of the record. Following Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction under a proper charge of the court there was no reversible error.

**4.—Same—Bills of Exception—Practice on Appeal.**

Where the objection to the evidence was that it was too remote on the question of receiving quantities of liquor prior to the alleged sale, and no error was pointed out, this court cannot search the remainder of the record to supplement the fact stated in the bills of exception. Following Thompson v. State, 29 Texas Crim. Rep., 208, and other cases.

**5.—Same—Date of Offense—Allegation—Proof—Rule Stated.**

It is well settled that the date of the offense alleged in the indictment is not binding and that the State may show any date within the period of limitation, as the date of the sale on which it elected to seek a conviction, and the bill of exceptions that the question of remoteness of the purchases of liquor, etc., might appear should have pointed out the date of the sale upon which the State relied.

**6.—Same—Bills of Exception—Practice on Appeal.**

The objection in the bill of exceptions that the evidence was not admissible is clearly too general, nothing being pointed out in the bill of exceptions why it was not admissible under the issues of the case.

**7.—Same—Bills of Exception—Practice on Appeal.**

The objection made that the evidence was prejudicial is not only general, but is followed by no statement in the bill of exceptions showing how or in what manner same was prejudicial, and it can therefore not be considered on appeal. Following Wilson v. State, 63 Texas Crim. Rep., 81, and other cases.

**8.—Same—Bill of Exceptions—Practice on Appeal.**

There is nothing in the remaining part of the objection that the purchase or receipt of intoxicating liquors was in quarts and the sale only claimed to be in pints.

**9.—Same—Bills of Exception—Rule Stated—Practice on Appeal.**

If the allegations of the bills of exception be such as to necessitate resort or reference to other parts of the record, in order to ascertain whether the ground set out is well taken, the bill is insufficient. Following Williams v. State, 81 Texas Crim. Rep., 416, 195 S. W. Rep., 860, and other cases.

**10.—Same—General Demurrer—Bills of Exception—Presumption.**

The legal effect of bills of exception which are not sufficient in themselves, place them in the light of a general demurrer, and the presumption is in favor of the correctness of the action of the court in overruling them, and unless bills of exception properly present the question of the court's error in admitting or excluding evidence, the same cannot be considered on appeal.

Appeal from the County Court of Upshur.   Tried below before the Hon. W. H. McClelland, judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*Briggs & Florence,* for appellant.—On question of transfer from District Court to County Court: Bird v. State, 91 S. W. Rep., 791; Harris v. State, 57 Texas Crim. Rep., 84, 121 S. W. Rep., 1116; Richardson v. State, 57 Texas Crim. Rep., 285, 122 S. W. Rep., 560; Herenz v. State, 199 S. W. Rep., 618.

On question of date of offense: Baughman v. State, 90 S. W. Rep., 166; Wagner v. State, 53 Texas Crim. Rep., 306, 109 S. W. Rep., 169; Myers v. State, 52 Texas Crim. Rep., 558, 108 S. W. Rep., 392; McAdams v. State, 59 Texas Crim. Rep., 86, 126 S. W. Rep., 1156; Goss v. State, 57 Texas Crim. Rep., 557, 124 S. W. Rep., 107; Harris v. State, 100 S. W. Rep., 920.

*E. A. Berry,* Assistant Attorney General, for the State.—Cited cases in the opinion.

LATTIMORE, JUDGE.—In this case appellant was tried in the County Court of Upshur County for violation of the local option law and his punishment fixed at a fine of fifty dollars and thirty days in jail.

His first complaint is of the action of the trial court in overruling his plea to the jurisdiction upon the ground that the order transferring the case from the district court to the County Court does not show that the indictment was filed in the District Court and does not contain an itemized bill of costs. We think appellant is in error in his first contention. The certified copy of the proceedings had in the District Court which is in the record from the certificate of the clerk of the district court, appears to us to be in sufficient compliance with the statute. The order of the court directing the transfer, as set out therein, seems to have been made in the cause of the State of Texas v. Will Venn, "No. 4558." Said order recites that the grand jury came into open court and through their foreman delivered to the court the following indictment, to-wit: "The State of Texas v. Will Venn, file No. 4558." The bill of costs shown in said certified copy of the proceedings appears under the style of "The State of Texas v. Will Venn, No. 4558." We think this sufficiently shows that the indictment was filed in the District Court. An examination of the statute requiring that a bill of the costs accruing in the District Court accompany the indictment in its transfer to the County Court does not specifically require that such bill of costs be itemized and we are cited to no authority holding that the same must be so set out. We have accordingly overruled this contention.

There are a number of bills of exceptions in the record complaining of the action of the trial court in admitting certain testimony. The grounds of objection are too general to demand consideration. That one bought whisky in quanities large and small a year before the alleged sale of a less quantity, might become very material in some cases. No facts are stated in said bill of exceptions which would enable us to pass intelligently upon the same. It is a well settled rule that such bills must be complete in themselves and point out the error complained of, without the necessity for reference or

resort to other parts of the record. Clayton v. State, 67 Texas Crim. Rep., 311, 149 S. W. Rep., 119.

The motion for new trial complains of the fact that the evidence is wholly insufficient to support the verdict of guilty. An examination of the testimony of the one witness who testified for the State as to the immediate facts attending the sale, shows that he asked the appellant if he could get him some whisky, to which appellant replied that he thought he could; that witness gave appellant some money and he went away and came back directly and delivered him some whisky. Upon the direct question as to whether it was whisky, witness said "Yes, sir, he sold it for whisky." He further said that it tasted to him like it was one-half whisky and one-half tobacco juice. The appellant denied selling the witness anything. The court submitted the matter fairly to the jury and they have decided the case against appellant's contention. We think there is evidence justifying the verdict.

There being no other errors found in the record which we can consider, the judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

April 2, 1919.

LATTIMORE, JUDGE.—This case comes before us upon appellant's motion for rehearing, and it is courteously but urgently insisted that we were wrong in our former opinion, in holding that the bills of exceptions shown in the record complaining of the admission of the evidence given by the witness Tabb, were not so framed as to entitle the same to our consideration. In view of this insistence of able counsel in said motion we have again examined each of said bills so taken to the testimony of the State showing the receipt by appellant of quantities of whisky on four occasions at dates prior to that of the alleged sale in the instant case. The objections to said evidence appear to be substantially the same in each instance as set out in the bills, to-wit: that it was not admissible under the issues herein; was prejudicial; and showed purchases in quart quantities when the alleged sale was of a pint.

It has been often decided by this court, that to be sufficient a bill of exceptions must set out enough of the proceedings in the court below to make it apparent that error was committed, without the necessity of a search through the remainder of the record for matters to supplement the facts stated in the bill. In other words, all that is necessary to disclose the error complained of must appear from the bill itself. Thompson v. State, 29 Texas Cr. App., 208; Tweedle v. State, 29 Texas Crim. App., 586; McGlasson v. State, 38 Texas Crim. Rep., 351; Livar v. State, 26

11—85 T. C. R.

Texas Crim. App., 115; Wilkerson v. State, 31 Texas Crim. Rep., 86; Mays v. State, 33 Texas Crim. Rep., 33; Mank v. State. 44 S. W. Rep., 1101. An inspection of each of these bills discloses that it is impossible for this court to tell therefrom whether the evidence objected to was in fact too remote, for no date is stated in said bills as being that on which the State was attempting to show a sale. It is well settled that the date alleged in the indictment, is not binding, and that the State may show any date within the period of limitation, as the date of the sale on which it elects to seek a conviction. To be sufficient on this point each of said bills should have shown the date of the sale sought to be proven by the State, in order that the question of remoteness of the purchases or receipts complained of might appear. We trust this is clear.

The objection that the evidence objected to was not admissible under the issues herein, is clearly too general. No statement is made in either of the bills, as to what are the issues herein, so that this court might be able from the bill to determine the question raised. It was clearly an issue as to whether or not appellant had any whisky within the period of limitation, which fact he might have denied as far as the allegations of said bills disclose. If, by way of inducement he had claimed that he had gotten some whisky within the period of limitation but no more than he wanted or needed for personal use, it might easily have been an issue as to whether or not he had so received more than he needed for personal use. Illustrations *ad infinitum* might be multiplied to show various hypotheses as to issues which might have been raised upon such a trial but we do not deem them necessary.

The objection made that the evidence was prejudicial, is not only general but is followed by no statement of the bill showing how or in what manner same was prejudicial. Wilson v. State, 63 Texas Crim. Rep., 81; Leggett v. State, 62 Texas Crim. Rep., 99; Black v. State, 68 Texas Crim. Rep., 151, 151 S. W. Rep., 1053; Vick v. State, 71 Texas Crim. Rep., 50; Eads v. State, 76 Texas Crim. Rep., 647, 176 S. W. Rep., 574; Galan v. State, 76 Texas Crim. Rep., 619, 177 S. W. Rep., 124. We can see nothing in the remaining part of the objections made, to-wit, that the purchase or receipt was in quarts and the sale only claimed to be in pints.

It is held by our court that if the allegations of the bill be such as to necessitate resort or reference to other parts of the record, in order to ascertain or determine whether the ground set out is or is not well taken, the bill is insufficient. Williams v. State, 67 Texas Crim. Rep., 590, 150 S. W. Rep., 185; Banks v. State, 62 Texas Crim. Rep., 552, 138 S. W. Rep., 406; Campbell v. State, 63 Texas Crim. Rep., 595, 141 S. W. Rep., 232; Harrison v. State, 69 Texas Crim. Rep., 152, 153 S. W Rep., 139; Williams v. State, 81 Texas Crim. Rep., 416, 195 S. W. Rep., 860.

The utmost legal effect that can be given bills of exceptions which are not within themselves sufficient to show not only the objection, but also the facts showing the propriety of such objection, is, to consider them in the light of general demurrers, from which it must follow that every reasonable intendment in favor of the legality of that to which objection is made must be indulged; and, if there be any tenable hypothesis to which such matter so attacked is pertinent, the well-known presumptions in favor of the correctness and legality of the actions of the court, until the contary is shown, will obtain, and such bills, will not be sustained.

The authorities cited in the motion for rehearing bear upon the question of the admissibility of the evidence of the witness Tabb, and not upon the question as to whether the bills of exception properly present here the question of the court's error in admitting such evidence. This disposes of all the questions raised in the motion. It is to be regretted if adherence to the established rules of the courts as to such matters, prevents consideration of bills setting up objections which might have been urged if properly presented in a particular case, but these rules have been so often announced, and the necessity for following them is so obvious we did not go into these questions at length in the original opinion.

No error of this court in its former opinion having been shown, and believing the same to be correct, appellant's motion for rehearing will be overruled.

*Overruled.*