MRS. J. H. WHITE V. THE STATE.

No. 7250. Decided May 2, 1923.

1.—Forgery—Requested Charges.

In the absence of bills of exceptions the refusal of requested charges cannot be considered on appeal.

**2.—Same—Affidavit—Attorney and Client.**

Where the motion for new trial for newly discovered evidence was sworn to by defendant before his attorney as notary public the same cannot be considered on appeal; besides the alleged testimony was only accumulative.

**3.—Same—Sufficiency of the Evidence—Alibi.**

Where, upon trial of forgery, defendant presented an alibi, and supported same by a number of witnesses, yet two apparently disinterested witnesses positively showed defendant's presence at the time and place alleged, the conviction is sustained.

Appeal from the District Court of Ellis. Tried below before the Honorable W. L. Harding.

Appeal from a conviction of forgery; penalty two years in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Ellis County of the offense of forgery, and her punishment fixed at two years in the penitentiary.

There are no bills of exception in the record, and while a number of special charges were asked, some of which were refused, there appears on same no notation of any exception, nor does the record present the reservation of any separate bill to such refusal.

Appeal presented a motion for new trial asserting that since the trial she had learned of the whereabouts of material witnesses. Said motion was sworn to only before appellant's attorney as a notary public. This has been held in many cases to be not permissible. The newly discovered evidence, if we considered the question at all, is but cumulative of other evidence in the record, and in such case the discretion of the trial court in refusing the motion would not be revised by us unless it appeared clear that injury had resulted, which does not so appear in this case.

While appellant presented a number of witnesses whose testimony made out a strong case of alibi, it appears to reflect the attempt of a number of persons looking back after the lapse of some time who are endeavoring to fix the presence of appellant in the city of Waco on the day that she is charged with committing the alleged forgery in Waxahachie. The two cities are shown by testimony to be not very far apart and so connected by transportation ways as that one may easily go from one to the other in a short time. Two witnesses apparently disinterested testified positively to the presence of appellant in the city of Waxahachie and to the possession and passage by her on that day in said city, of forged checks. There being ample evi-

dence in the case to justify the verdict, if believed by the jury, and they having settled the conflicting testimony of witnesses by their verdict, we find ourselves unable to agree to the contention that the judgment is unsupported.

Finding no error in the record, an affirmance is ordered.

*Affirmed.*