B. M. Fisher v. The State.

No. 13018.   Delivered February 19, 1930.
Reported in 24 S. W. (2d) 1101.

The opinion states the case.

*Williams & Day* of Plainview, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—Operating a pool hall, as defined by Art. 653, P. C., 1925, is the offense; penalty, a fine of twenty-five dollars.

. In the indictment it was charged that the offense took place on or about the 2nd day of January, 1929.   On the trial two witnesses testified to facts showing that the appellant operated a pool hall at some time but gave no date.   They testified to no circumstances from which the date might be inferred.   Proof of the exact date named in the indictment was unnecessary, but proof that the offense was committed at such time that the prosecution would not be barred by the statute of limitation was essential.   Such has been the declaration of this court in many cases, among them, Temple v. State, 15 Tex. Cr. App. 304, and numerous others collated in Vernon's Tex. C. C. P., 1925, Vol. 1, p. 261.   The facts presenting the legal question are identical with those passed on by the court in the case of Stewart v. State, 31 Tex. Cr. R. 153, 19 S. W. 908.   The attention of the court was drawn by exception to the charge to the absence of proof that the acts constituting the offense took place within the period of limitation.   If there was evidence of such fact, the reason

for failing at that time to introduce additional proof upon the subject is difficult to comprehend. Under the statute declaring the requisites of an indictment and its uniform construction, it was obligatory upon the State to show by evidence that the offense was committed within two years before the prosecution was established.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*