## T. V. JACKSON v. THE STATE.

No. 13368. Delivered May 21, 1930.
Reported in 28 S. W. (2d) 546.

The opinion states the case.

*Quinton Wright* of Houston, for appellant.

*'O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* both of Houston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, assault to murder; penalty, eight years in the penitentiary.

On December 29, 1928, the Gaylor Oil Company's warehouse in Houston was robbed. Present at the time were one G. E. McGee and J. B. Rowe, the latter being shot by the robber. Appellant was positively identified by McGee as the perpetrator of the crime. Rowe believed he was the same man but was not so positive as McGee. One Sam Webber appeared and testified that appellant had admitted to him that he shot the watchman at the Gaylor Oil Company. The evidence of identification, although not strong, presented a jury question and we deem it sufficient to sustain a conviction.

As a ground for new trial appellant sets up newly discovered evidence alleging that since the trial he has discovered that the witness Sam Webber was an unpardoned convict and therefore an incompetent witness. On motion for new trial evidence was heard and Sam Webber testified without objection that he had told appellant previous to the trial that he had been convicted and sent to the penitentiary. Appellant and he had been engaged in other unlawful enterprises and were then under joint indictment for one of these. The bill of exception presenting this matter fails to show that any objection by appellant was made to the competency of Webber as a witness either on the main or on hearing of motion for new trial and fails also to incorporate therein any evidence whatever of a former conviction of Webber. Appellant denied the conversation with Webber. This presented a fact question for the trial court. The action of the judge in overruling appellant's motion for a new trial amounts to an implied finding by him against the truth of appellant's allegation that such testimony had been discovered since the trial. Branch's P. C., Sec. 574; Shaw v. State, 32 Tex. Crim. Rep. 155; Adams v. State, 48 Tex. Crim. Rep. 452; Dougherty v. State, 59 Tex. Crim. Rep. 472. "To warrant a new trial on the ground that new testimony has been discovered since the trial it is incumbent on defendant to satisfy the court that the new testimony has come to his knowledge since the trial and that it was not known beforehand, and it must be such as reasonable diligence could not have secured at the former trial." West v. State, 2 Tex. Crim.

App. 209; Terry v. State, 3 Tex. Crim. App. 236; Duval v. State, 8 Tex. Crim. App. 370; Branch's P. C., Sec. 192. No objection having been made to Webber's competency as a witness both the trial court and the jury had the right to credit his testimony with whatever probative force either thought it entitled. According to bill of exception No. 1 there was an issue before the Court as to whether this was newly discovered evidence and there being evidence to support the trial court's finding that same was not newly discovered, we are not authorized to disturb same.

Certain objections to the charge are attempted to be raised for the first time in this court. They are not of a fundamental character. Since the enactment of Art. 666, C. C. P., such matters cannot be presented here for the first time. This question has been so ofttimes decided that we refer here only to collation of authorities found in Vernon's Texas C. C. P. (1925), Art. 666, Note 46.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.