W. L. EAKIN v. THE STATE.

No. 14709. Delivered April 27, 1932.

The opinion states the case.

*Ben F. Lowrie* and *T. W. Thompson,* both of Greenville, for appellant.

*H. E. Pharr,* District Attorney, *G. C. Harris,* County Attorney, both of Greenville, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

There seems little need for setting out the facts of the case, which disclose that appellant shot deceased under circumstances which amply justified the jury in concluding him guilty of murder. The defensive theory appears to rest upon the fact that appellant had shortly before that been apprised by his wife that deceased had forced his attentions upon her, she testifying that on two occasions prior to the killing deceased by force had carnal knowledge of her. The state introduced much testimony supporting the proposition of a continued clandestine love affair between deceased and the wife of appellant, and some circumstances which might indicate that appellant was not wholly unaware of the relationship. The trial court certifies, as to appellant's bill of exception No. 1, that the matters set out did not occur as therein stated; that in fact what did occur was that the state asked appellant's wife, during her cross-examination, as follows: "Tell the jury what he said," and that appellant's counsel then objected and the question was never answered. Manifestly this shows no error.

Bill of exception No. 2 sets out that appellant objected to the introduction of certain letters,—but since said letters are not set out by substance or tenor, it is impossible for us to appraise such objection.

Bill of exception No. 3 sets out the substance of certain admissions drawn from appellant's wife on cross-examination, and that same were objected to as immaterial, irrelevant and prejudicial. Such objections are too general. Venn v. State, 85 Texas Crim. Rep., 162, 210 S. W., 535; Mauney v. State, 85 Texas Crim. Rep., 189, 210 S. W., 959. The bill is further defective in that there were no recitals of fact in same from which we might determine whether the testimony objected to was in fact subject to the objections made.

Bill of exception No. 4 sets out that on cross-examination the state drew out of appellant's wife that after deceased had had forcible intercourse with her twice, she had written him two letters and had received two from him. The letters not being set out, we find it impossible to

say whether the action of the court was injurious or wrong. Bill of exception No. 5 sets out a denial of certain facts by appellant's wife on cross-examination, but the bill is qualified by the trial court and as qualified presents no error.

The defense was predicated, as above stated, in part on the claim that deceased forced his attentions on appellant's wife. As rebutting such theory the state was permitted to prove by witness Sneed that he saw deceased and appellant's wife together in a vacant house down by the community wash place, and that he saw a woman coming along and told deceased and appellant's wife they had better remain in the house until the woman passed by. Appellant's wife denied this occurrence. We think it admissible both as shedding light on the relations of the parties and as affecting the credibility of appellant's wife in asserting that her relations with deceased were by force and against her will.

Bill of exception No. 9 complains of the introduction of a love letter written by appellant's wife to deceased. The contents of the letter were admitted as showing the relations between the parties, and as rebutting appellant's claim that deceased ravished his said wife. There is another bill of exception, No. 17, relating apparently to the introduction of the same letter, but this bill is rejected by the court with the statement that he finds himself unable to comprehend it or to rewrite it so that it could be understood.

Bill of exception No. 10 complains of the testimony of Mrs. Luna, in effect, that appellant's wife asked witness to let deceased, who was leaving for west Texas, address letters to said wife while he was gone, in care of witness. We think this testimony was admissible.

Bill of exception No. 12 sets out certain denials of appellant's wife of matters which, if answered affirmatively, would have supported the state's theory that the relations between said wife and deceased were entirely mutual. However, the bill shows that the questions were answered in the negative. The objections made were not to the fact of asking the questions, but to the fact that the wife was permitted and required to answer.

Bill of exception No. 14 complains of testimony as to a shot gun shell and some tracks found near the scene of the shooting some hours afterward. There is nothing in said bill showing an effort on the part of the state to connect appellant with either the shell or the tracks, and the relevance of the testimony is in nowise made apparent, hence we can not appraise its materiality.

Bill of exception No. 15 sets out that the state objected to appellant giving details of a fight he had seen take place between deceased and one Curfman at a time not stated, and under circumstances or for reasons not appearing. Said bill shows that appellant did testify that he saw the fight

and saw deceased cut Curfman with a knife across the stomach. We fail to see the pertinence of further details of said fight.

Appellant made a motion in limine to require the state to disclose to him the contents of certain letters. In his motion for new trial he set up that the state had withheld from him certain letters which he asserted were material to his defense. It appears that the court heard evidence. The order overruling the motion for new trial recites such fact. There is in the record what purports to be a statement of the facts heard by the court when he passed on the motion for new trial. We find nothing in same supporting appellant's contention. The motion for new trial was properly overruled.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*