## LEWIS SMITH V. THE STATE.

No. 16336.   Delivered November 29, 1933.
Reported in 65 S. W. (2d) 309.

The opinion states the case.

*R. C. Winters, Martin & Shipman,* and *Stinson, Hair, Brooks & Duke,* all of Abilene, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The appellant's first complaint is that the evidence fails to show that the offense was committed at such time as that the prosecution would not be barred by the Statute of Limitations. We have carefully searched the record in vain for any fact or circumstance which shows that the offense was committed within such period of time as that the prosecution would not be barred by the Statute of Limitations. The only fact upon which the state sought to prove the time at which the offense was alleged to have been committed is testified to by Mr. Biggerstaff as follows: "They probably entered my place something like the middle of April. If it says there the 14th it was somewhere in that neighborhood. It was something like 3 or 4 days or a week before I found the wheels." By this testimony the state established the fact that Mr. Biggerstaff's garage was entered some time in the month of April, but in what year this occurred is not disclosed by any of his testimony. Again by the witness Phillips the nearest the state came to proving the time of the commission of the offense is as follows: "I got those wheels from Mr. Smith, this defendant. I paid him $1.50 for both of the wheels. They are 4.50 x 21 inch wheels for a 1928 or 1929 model Ford car," but from this testimony we are unable to determine whether the offense was committed in 1928 or 1929. The indictment was returned by the grand jury in this case on the 19th day of May, 1933, and alleged that the offense was committed on the 14th day of April, 1933, but the allegation in the indictment is not any evidence which can be considered by the jury or the court in determining when the offense was committed. While it is not incumbent upon the state to prove the exact date named in the indictment, yet proof that the offense was committed at such time as that the prosecution would not be barred by the Statute of Limitations is necessary. The state having failed in its proof to show that the offense was committed at such time as that the prosecution was not barred by the Statute of Limitations, the conviction cannot be sustained, and in support of our views herein expressed we refer to the following cases, to-wit: Fisher

v. State, 24 S. W. (2d) 1101; Temple v. State, 15 Texas App., 304; Stichtd v. State, 8 S. W., 477.

For the error herein pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.