## LEE MOON v. THE STATE.

No. 16298. Delivered February 7, 1934.
Rehearing Denied March 14, 1934.
Reported in 69 S. W. (2d) 70.

The opinion states the case.

*Lackey & Lackey,* of Stinnett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

E. C. Immel, the owner, had in his tool house two hydraulic jacks, a wire line, a casing line and other property, which he used in connection with his business of plugging oil and gas wells. All of this property was in the tool house on February 5, 1933. On the morning of February 6, 1933, he discovered that it had been taken. On the date last mentioned he found the two hydraulic jacks and some of his rope near the home of Herman Hoppe. At a later date he recovered his wire line. The aggregate value of the stolen property was in excess of fifty dollars.

Herman Hoppe testified, in substance, as follows: Early in the month of February, 1933, appellant came to witness' house between 10 and 11 o'clock at night in a truck with another man. This man and appellant unloaded some hydraulc jacks and a rope line near the witness' house. Thirty minutes after this occurrence the witness notified the officers. The following morning the officers came to his premises and told him to watch the property and keep anyone from taking it away. Shortly thereafter appellant returned to the place where he had unloaded the property and expressed the desire to move it away. The witness would not permit him to do this. Mr. Immel later came to the witness' home and took possession of the hydraulic jacks and rope line. Ab. Thomas, a witness for the state, testified that during the month of February appellant and John Cooper came to his house at night and tried to sell him a wire line; that he went to the truck in which they had the line and looked at it; that he told appellant and his companion that he did not desire to buy the line; that after Mr. Immel recovered his property he saw the same line at Mr. Immel's place.

The testimony of the witness Thomas was corroborated by Miss Hazel Minter, who testified that she was present when appellant and Cooper came to Mr. Thomas' house. She testified, further, that prior to the trial appellant sought to prevail upon her to accept money in consideration of her not appearing as a witness against him.

Testifying in his own behalf, appellant denied that he was ever in possession of the stolen property. He declared that on the night of February 5, 1933, he was in the home of Mr. Turner, and not at the scene of the theft.

Mr. Turner testified that he took appellant to his (the witness') home during the day of February 5, 1933. He said that appellant spent the night with him and did not return to his own home until February 7. Other witnesses gave substantially the same testimony on the question of alibi. It appears that Mr. Turner's home was some distance removed from the scene of the theft.

Appellant contends that the evidence is insufficient to support the conviction. We are unable to agree with this contention.

In his brief appellant contends that the court committed error in certain respects in his charge to the jury. Appellant interposed no exceptions to the charge of the court, but waited until motion for new trial to point out matters in the charge which he contends were erroneous. Under the express pro-

visions of the statute it was incumbent upon appellant, if he desired to have alleged errors in the charge reviewed by this court, to interpose written exceptions to the charge before it was read to the jury. Article 658, C. C. P., provides: "Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection." Article 666, C. C. P., in part, provides: "All objections to the charge and to the refusal or modification of special charges shall be made at the time of trial."

The indictment charged that the offense was committed on or about January 7, 1933. The indictment was returned by the grand jury on the 7th of April, 1933. The proof on the part of the state showed that the offense was committed on the 5th day of February, 1933, which was a date anterior to the return of the indictment. The state is not bound by the date alleged and may prove that the offense was committed before, on, or after the date alleged, if the date proven be a date anterior to the presentment of the indictment, and not so remote as to be barred by limitation. Branch's Annotated Penal Code, sec. 439. It follows that appellant's contention that there is a variance between the proof and the allegation as to the date of the commission of the offense cannot be sustained.

During the progress of the trial appellant presented a written application for a postponement based on the ground that he had expected the state to make proof of the fact that the offense was committed on the 7th of January, 1933, and was surprised when the proof showed that the offense was committed on the 5th of February of the same year. No bill of exception showing that the motion was ever presented to the court is brought forward. In the absence of a bill of exception, the matter is not subject to review.

In his motion for new trial appellant set up newly discovered evidence. The affidavits attached to the motion disclose that the witness Bails would testify he saw appellant at Ben Turner's house at 10 o'clock at night on February 5, 1933. The affidavit of the witness Harris was to the effect that he would testify that he was at the home of Ben Turner on the occasion in question and saw appellant there. The testimony of these witnesses was cumulative of the testimony of Mr. Turner and others. It is the general rule that cumulative testimony affords no ground for granting a new trial as newly discovered evidence. Branch's Annotated Penal Code, sec. 203; Hanna v. State, 87 S. W., 702. Again, if appellant saw the witnesses and

talked to them on February 5 at Turner's, he knew of their testimony prior to his trial. Under such circumstances, the testimony was not newly discovered.

Failing to find error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—We notice each of the grounds of appellant's motion for rehearing, in inverse order.

(1) Newly discovered evidence. The property in question was stolen on the night of February 5, 1933. Appellant and his witnesses locate him at the residence of Mr. Turner that night, thus making out a defense of an alibi, if believed by the jury. The two newly discovered witnesses make affidavits that they knew appellant well, and that they saw and were with him at Turner's residence on the night of February 5, 1933. Being well known to and by appellant, such knowledge was necessarily known to appellant at the time of his trial, and hence can not in any sense be said to be newly discovered. Aven v. State, 95 Texas Crim. Rep., 155; Behrens v. State, 99 Texas Crim. Rep., 56; Garlington v. State, 99 Texas Crim. Rep., 331; White v. State, 94 Texas Crim. Rep., 301; Cooper v. State, 103 Texas Crim. Rep., 226; Brady v. State, 119 Texas Crim. Rep., 178; Jackson v. State, 115 Texas Crim. Rep., 408.

(2) The allegation of the date of the alleged theft as of January 7, 1933, is not fatally variant from proof of such theft on February 5, 1933, the indictment having been returned in April of said year. Article 396, C. C. P., subdiv. 6; Lucas v. State, 27 Texas App., 323; Cudd v. State, 28 Texas App., 129; Venn v. State, 85 Texas Crim. Rep., 158; Daniel v. State, 90 Texas Crim. Rep., 225; Guynes v. State, 96 Texas Crim. Rep., 650; Mathis v. State, 97 Texas Crim. Rep., 222.

(3) The evidence appears to be entirely sufficient. The recitals of the facts herein in our original opinion are correct, and show ample testimony to support the verdict.

Being unable to agree with any contention made by appellant, the motion for rehearing will be overruled.

*Overruled.*