SID WOMACK V. THE STATE.

No. 22415. Delivered April 14, 1943.

The opinion states the case.

*Dudley Lawson,* of Alto, *D. L. Harry,* of Jacksonville, and *M. M. Guinn,* of Rusk, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was tried and convicted of the offense of rape and his punishment was assessed at confinement in the State penitentiary for a term of five years.

Appellant presents two questions which require our serious consideration, the first of which relates to the sufficiency of the evidence to show that the offense was committed at such time as that the prosecution would not be barred by the statute of limitation. Article 178, C. C. P., provides as follows: "An indictment for rape may be presented within one year, and not afterward."

We have carefully searched the record in vain for any fact or circumstance which would show that the offense was committed within such time as that the prosecution would not be barred by the statute of limitation. The prosecutrix testified that the appellant had an act of sexual intercourse with her on the 10th day of December, with her consent, she being then a girl twelve years of age, but nowhere does the record show in what year this happened. The indictment in this case was returned by the grand jury on the 2nd day of September, 1942, wherein it is alleged that the appellant, on or about the 10th day of December, 1941, committed the offense charged, but the allegation in the indictment is not any evidence which can be utilized by the jury or the court in determining when the offense was committed. While it is not incumbent upon the State to prove the exact date alleged in the indictment, yet it is necessary that the proof show that the offense was committed at such time as that the prosecution would not be barred by the statute of limitation. The State having failed in this respect, the conviction cannot be sustained; and in support of the views herein expressed, we refer to the following cases: Smith v. State, 124 Tex. Cr. R. 686; Fisher v. State, 24 S. W. (2d) 1101; Temple v. State, 15 Tex. Cr. App. 304. See also Art. 178, C. C. P. (Vernon's Ann. Tex. C. C. P., Vol. 1) and cases there cited.

The next important question presented for our consideration relates to the sufficiency of the evidence to sustain appellant's conviction. It appears from the record that a complaint had

been filed in the Justice Court at Wells, Texas, charging appellant with the offense in question and that as a result of said complaint he was arrested; that on a preliminary hearing in the Justice Court the prosecutrix testified that everything she had told "up here" was false; and thereupon the prosecuting attorney told her: "We are going to protect you if you tell the truth," to which she replied that everything she had told was false; that she was afraid when she made the statement. Appellant contends that this put her in the category of an accessory after the fact. Article 77, P. C., defines an accessory as follows:

"An accessory is one who, knowing that an offense has been committed, conceals the offender, or gives him any other aid in order that he may evade an arrest or trial or the execution of his sentence. One who aids an offender in making or preparing his defense at law, or procures him to be bailed though he afterwards escape, is not an accessory."

If the prosecutrix deliberately made the statement which relieved appellant from a trial or the execution of sentence, she would, in our opinion, be an accessory after the fact, which would make her an accomplice witness and therefore need to be corroborated in her testimony. However, if she first disclosed the facts which showed appellant to be guilty and as a result of such disclosure a complaint was filed and he was arrested, she would not, in our opinion, be an accessory after the fact although she subsequently repudiated her statement, because by her disclosure of the offense she set the machinery of law in motion, not then seeking to aid him to escape punishment but, on the contrary, to expose him to prosecution. It might have affected her credibility as a witness and the weight to be given to her testimony, which would be a matter for the determination of the jury. See Barr v. State, 131 Tex. Cr. R. 369. Moreover, if her testimony at the examining trial was not voluntary and deliberate but was made while under duress or under undue influence so that she was not a free agent, then she would not be an accomplice witness.

Appellant cites us to the case of Blakely v. State, 24 Tex. Cr. App. 616, as supporting his contention. It will be noted that in that case Blakely and the other two persons who were present at the time of the commission of the homicide immediately agreed among themselves to testify to a state of facts before the coroner's jury which would exonerate May from prosecution, and they did so testify. Consequently we have a different state of facts in that case from those in the present instance.

Appellant also complains of the testimony given by Dorothy Reeves and the prosecutrix to the effect that she (prosecutrix) had received a number of letters from the appellant in which he requested that she not tell on him. Appellant contends that this testimony was not admissible because neither of the witnesses had qualified as an expert on handwriting, and for the further reason that the letters themselves were the best evidence. It appears from the record that the prosecutrix had received many letters from the appellant and that she knew his handwriting and recognized it when she saw it; and since the letters had been destroyed and were not available to the State, secondary evidence of their contents was admissible. While Mrs. Reeves may not have been familiar with the handwriting of the appellant, still if she knew that the prosecutrix, while living with her, had received letters which she was permitted to read, it was permissible to prove this fact and have her relate the contents thereof in order to corroborate the prosecutrix at least to that extent, the prosecutrix having testified that the letters were from the appellant. Appellant contends, however, that since the prosecutrix had destroyed the letters the State could not introduce proof of their contents. We are not in accord with his contention. If this were a contest between appellant and the prosecutrix or between individuals, there might be some merit in his contention, but this was a contest between appellant and the State or the people in which they had an interest. Hence his contention is untenable.

There are some other questions presented by appellant in his brief which were not raised in the court below. Hence the same will not be considered here.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.