## ARTHUR FANNIN V. STATE

No. 28,519. November 7, 1956.

Tom Howard, Dallas, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for indecent exposure to a child under sixteen years of age, in violation of Art. 535c, V.A.P.C.; the punishment, 15 years.

Appellant insists that the court erred in overruling his motion for an instructed verdict because the state failed to prove the date on which the offense was committed, and particularly that it was committed within the period of limitation.

The only evidence in the record relative to the time when

the offense was committed is found in the testimony of the prosecuting witness. From her testimony we quote:

"Q. I am going to ask you, Mary Lou, if that man, Arthur Fannin, ever bothered you? A. Yes, sir.

"Q. When was it, Mary Lou? A. It was Saturday before Thanksgiving.

"Q. Saturday before Thanksgiving. At the time he bothered you, Mary Lou, was anyone at home? A. My brother was — baby brother."

The indictment alleged that the offense was committed on or about the 23rd day of December, 1955.

The rule is well settled that the state is not bound by the date alleged in the indictment and may prove that an offense was committed before, on, or after the date alleged, so long as the date is anterior to the presentment of the indictment and not barred by limitation. Branch's Ann. P.C., 1st Ed., Sec. 439, P. 231; Moon v. State, 125 Tex. Cr. R. 570, 69 S.W. 2d 70; and Abston v. State, 158 Tex. Cr. R. 88, 253 S.W. 2d 41.

However, to sustain a conviction, the proof must show that the offense was committed anterior to the return of the indictment and at such time that the prosecution would not be barred by limitation. Branch's Ann. P.C., 1st Ed., Sec. 441, P. 231; Temple v. State, 15 Tex. App. 304, 49 Am. Rep. 200; Lucas v. State, 27 Tex. App. 322, 11 S.W. 443; Stewart v. State, 31 Tex. Cr. R. 153, 19 S.W. 908; Fisher v. State, 114 Tex. Cr. R. 102, 24 S.W. 2d 1101; Smith v. State, 124 Tex. Cr. R. 686, 65 S.W. 2d 309; and Womack v. State, 145 Tex. Cr. R. 551, 170 S.W. 2d 478.

The testimony of the prosecuting witness merely shows that the offense was committed on "Saturday before Thanksgiving." Her testimony does not disclose the year that the offense was committed, nor can the same be ascertained by a search of the entire record.

Because the proof fails to show that the offense was committed at such time as that the prosecution would not be barred by the three-year statute of limitation, the evidence is insufficient to support the conviction.

For such reason, the judgment is reversed and the cause remanded.

Opinion approved by the Court.