REGGIE MADELEY v. STATE

No. 29,295. December 4, 1957.

No attorney for appellant of record on appeal.

*Leon Douglas*, State's Attorney, Austin, for the state.

DICE, Judge.

The offense is forgery; the punishment, confinement in the penitentiary for 3½ years.

The state's evidence shows that on the 23rd day of November, 1956 an American Express Company money order for the sum of $6.00 was issued by the Elite Super Market in the city of Houston. That on or about the 5th day of December, 1956 the appellant presented and passed the money order to a jeweler in the city of Alvin after it had been altered and the amount changed to $86.00 by adding the number "8" before the number "6" and the word "eighty" before the word "six" and obliterating with ink the words "not payable for more than Ten Dollars"

Appellant's written statement made after his arrest to Deputy Sheriff Q. C. Dawson was introduced into evidence by

the state, without objection, after the deputy testified that the appellant was duly warned and that he had freely and voluntarily made the statement. In his statement appellant admitted that he purchased the money order in question together with three others from the Elite Super Market in Houston, and after raising the amount to $86.00, he cashed them at various stores including a jewelry store in the city of Alvin.

The state's testimony further shows that appellant gave a specimen of his handwriting which was examined by E. N. Martin, handwriting expert of the Texas Department of Public Safety, and compared with the altered writings on the money order. Martin testified that in his opinion the writings were by the same person and a different ink was used in writing the word "eighty" and figure "8".

As a witness in his own behalf appellant testified that he did not give a voluntary statement but gave the statement because he had been mistreated by the officers and was afraid. Appellant, in his testimony, also repudiated the statements made in his written confession, testified they were not true and denied that he had purchased, altered, and passed the money order in question.

The court in his charge submitted the issue of the voluntariness of appellant's written statement and instructed the jury that if they believed that it was not freely and voluntarily made or if they had reasonable doubt thereof, then they would wholly disregard it.

Appellant insists that the court erred in permitting the state to make proof that the offense was committed on or about the 24th day of November, 1956 which was on a date different from that alleged in the indictment. The indictment alleged that the offense was committed on or about the 5th day of December, 1956.

The rule is well settled that the state is not bound by the date alleged in the indictment and may prove that an offense was committed before, on, or after the date alleged, so long as the date is anterior to the presentment of the indictment and not barred by limitation. 1 Branch's Ann. P.C. 2nd Ed., p. 457, sec. 459; Abston v. State, 158 Texas Cr. Rep. 88, 253 S.W. 2d 41 and Fannin v. State, 163 Texas Cr. Rep. 569, 294 S.W. 2d 848. Appellant's contention is overruled.

Appellant's objection to the opinion testimony of the State's Witness Martin on the ground that he was not shown to be a qualified handwriting expert is without merit. Martin testified that he had been with the Texas Department of Public Safety since 1931, that he had had training with regard to the study of handwriting, had studied lithography and since 1940 had devoted his entire time to that work.

Finding the evidence sufficient to sustain the conviction and no reversible error appearing in the record the judgment is affirmed.

Opinion approved by the Court.