**Jack C. COOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49989.**

Court of Criminal Appeals of Texas.

Sept. 23, 1975.

---

Melvyn C. Bruder and James P. Neill, Jr., Dallas, for appellant.

Lealand W. Greene, Dist. Atty., Snyder, William H. Davis, State Securities Board, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of fraudulently misrepresenting and selling securities. Punishment was assessed at five years and a fine of $3,000.00.

Three counts were included in the indictment, and appellant was convicted of the offense charged in the third count. The indictment, presented into court by the grand jury on November 21, 1973, alleges that the offense was committed on or about July 10, 1968. The security alleged to have been fraudulently sold by appellant to the complainant is set out in haec verba in the indictment, and bears the date July 10, 1968. The evidence reflects that the offense was committed on that date, more

than five years prior to the presentment of the indictment.

Appellant's first ground of error reads: "The evidence is insufficient to show that the prosecution of the defendant was not barred by the statute of limitations, there being no proof to support the indictments tolling allegation."

■ In the absence of a statute fixing a limitation period for a violation of Article 581–29, subd. C,[1] Vernon's Ann.Tex.Civ. Stats. (The Securities Act) under the provisions of which appellant was prosecuted, an indictment for the violation of the above article must be presented within three years from the commission of the offense, and not afterward, see Article 12.04, V.A.C. C.P., at time of the offense (now Art. 12.-01(5), V.A.C.C.P.), unless factors tolling the statute of limitations are alleged. See Article 12.07, V.A.C.C.P. (as of the date of the offense);[2] *Jackson v. State*, Tex.Cr.App., 489 S.W.2d 565; *Donald v. State*, 165 Tex. Cr.R. 252, 306 S.W.2d 360; *Parr v. State*, Tex.Cr.App., 307 S.W.2d 94.

Article 12.07, V.A.C.C.P., at the time of the offense as applicable here read:

"2. The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

"3. The term 'during the pendency,' as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction

thereof, determined to be invalid for any reason."

As tolling limitations, the indictment alleges:

"And the Grand Jurors aforesaid, upon their oaths aforesaid in said County and State, at said Term,[3] do hereby present to said Court that on or about the 9th day of July, 1970, the grand jury for the County of Scurry, Texas returned an indictment against the said Jack C. Cooper, charging him with the offense hereinbefore charged in this indictment, and thereafter the said indictment was pending in said Court at the time of the return of this indictment."

■ A prosecution commenced after the statute of limitations has run, unless facts under the tolling of limitations statute are plead and proved, is barred even though the statute of limitations is not plead, since it is the duty of the State to show that the offense occurred within the statutory period. See 16 Tex.Jur.2d, Criminal Law, Sec. 109, p. 248; *Donald v. State*, 165 Tex.Cr.R. 252, 306 S.W.2d 360.

As the Court stated in *Womack v. State*, 145 Tex.Cr.R. 551, 170 S.W.2d 478:

". . . While it is not incumbent upon the State to prove the exact date alleged in the indictment, yet it is necessary that the proof show that the offense was committed at such time as that the prosecution would not be barred by the statute of limitation. The State having failed in this respect, the conviction cannot be sustained; and in support of the views herein expressed, we refer to the following cases: *Smith v. State*, 124 Tex.Cr.R. 686,

---

1. "Any person who shall:
   * * * * * *
   "C. Engaged [sic] in any fraud or fraudulent practice in the sale, offering for sale or delivery of, invitation of offers, or dealing in any other manner in any security or securities shall be deemed guilty of a felony, and upon conviction thereof shall be sentenced to pay a fine of not more than Five Thousand Dollars ($5,000) or imprisonment in the penitentiary for not more than ten (10) years, or both such fine and imprisonment."

2. Article 12.07, V.A.C.C.P., as it read prior thereto became, by legislative amendment effective January 1, 1974, Article 12.05, V.A. C.C.P., and on the same day, Article 12.04 became Article 12.01(5), V.A.C.C.P.

3. The term of court is shown to be the October Term, 1973, of the District Court, 132nd Judicial District of Scurry County, Texas.

65 S.W.2d 309; *Fisher v. State*, 114 Tex. Cr.R. 102, 24 S.W.2d 1101; *Temple v. State*, 15 Tex.App. 304, 49 Am.Rep. 200. See also Art. 178, C.C.P. (Vernon's Ann. Tex.C.C.P., Vol. 1) and cases there cited."

See also, *Mulvehill v. State*, Tex.Cr.App., 395 S.W.2d 647; *Fannin v. State*, 163 Tex. Cr.R. 569, 294 S.W.2d 848; *Duncan v. State*, Tex.Cr.App., 59 S.W. 267.

■ In the instant case, the State offered no evidence to support the allegation tolling the statute of limitations. If it were a fact that in 1970 the Scurry County grand jury had returned an indictment against appellant charging him with the commission of this offense, there was no probative evidence presented to the jury of such fact. No effort was made by the State to offer in evidence any prior indictment against appellant for this offense. No probative evidence was offered to the jury, the fact finder in the case, that a prior indictment charging appellant with the same offense was pending as alleged.

■ The State argues that testimony adduced by counsel for appellant on cross-examination of the complainant, Myron Crawford, sufficiently proved that an indictment had been returned against appellant in 1970 for this offense, and that said indictment was pending at the time of the instant trial. Crawford, on cross-examination, testified that he had appeared before the Scurry County grand jury in 1970 about this case, and that later he learned from the paper that an indictment had been returned against appellant and another against Mr. Scott[4] "for the selling of stock in Scurry County" but that he had never read either of the indictments. He testified that, concerning the indictments, he knew "nothing other than what was in the paper." Questioned further about what was in the paper, he answered: "It just stated that the . . an indictment had been issued against two men for the selling of stock in Scurry County."

The State thus relies on hearsay testimony of the witness to sustain its allegations tolling limitation. As we stated in *Mendoza v. State*, Tex.Cr.App., 522 S.W.2d 898:

"It is a well established rule of evidence that hearsay is without probative value. It constitutes no evidence, and will not be considered as such. *Reynolds v. State*, Tex.Cr.App., 489 S.W.2d 866; *Payne v. State*, Tex.Cr.App., 480 S.W.2d 732; *Cherb v. State*, Tex.Cr.App., 472 S.W.2d 273; *Salas v. State*, Tex.Cr.App., 403 S.W.2d 440; *Rogers v. State*, Tex.Cr. App., 368 S.W.2d 772."

■ The State also relies on certain jury argument by defense counsel, where he stated: ". . . This indictment was first returned, I believe, in 1970 . . ." As heretofore quoted from *Womack v. State*, supra, ". . . it is necessary that the *proof* show that the offense was committed at such time as that the prosecution would not be barred by limitation." (Emphasis added).

Likewise, statements made in a pre-trial motion would not constitute proof where such statements did not go to the jury as evidence.

We conclude that the evidence was insufficient to sustain the allegations in the indictment tolling limitation.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

---

4. Associated with appellant in the stock sales transaction.