

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00254-CR

Robert **TAYLOR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 226th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR10818
Honorable Sid Harle,[1] Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  July 17, 2013

AFFIRMED

Robert Taylor was convicted of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). The trial court assessed punishment and sentenced Taylor to thirty-five years' imprisonment. Taylor appeals his conviction, alleging the evidence at trial was legally insufficient for the jury to convict him. We affirm.

---

[1] The Honorable Sid Harle, presiding judge of the 226th Judicial District Court of Bexar County, Texas, presided over the guilt/innocence phase of the appellant's trial. The Honorable Dick Alcala, Senior District Judge, was assigned to preside over the punishment phase, and he assessed and imposed punishment.

## LEGAL SUFFICIENCY

Taylor was convicted of aggravated assault for shooting Edwin Acosta multiple times after Acosta intervened in a domestic dispute between Taylor and his girlfriend. A person commits aggravated assault, among other ways, by intentionally, knowingly, or recklessly causing bodily injury to another while using or exhibiting a deadly weapon. TEX. PENAL CODE ANN. §§ 22.01(a)(1); 22.02(a)(2) (West 2011).

Taylor asserts "the evidence is basically circumstantial and heavily relies on unreliable inconsistent testimony." Contrary to Taylor's assertion, the jury did not lack for direct evidence that he shot Acosta.[2] Acosta testified that he saw Taylor shoot him with a gun. Johnetta Henderson, Taylor's girlfriend, saw Taylor shooting a gun on the street outside her home where Acosta was standing. Michael Campos, a cousin of both Acosta and Henderson, testified that, although he did not see a gun, he did hear gunshots when Taylor and Acosta were outside. The direct and circumstantial evidence established all the elements of aggravated assault. *See id.*

In conducting a legal sufficiency review, we do not look at the "cold record" of the trial and weigh the evidence anew. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). "The jury is the sole judge of credibility and weight to be attached to the testimony of witnesses." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). Therefore, to the extent that any of the witnesses' testimony was unreliable, inconsistent, or impeached at Taylor's trial, we must hold that the jury resolved such conflicts in favor of the verdict. *See id.* at 525–26.

Taylor also complains the evidence is insufficient because Henderson thought the shooting happened in October instead of September. Acosta testified the shooting occurred in September.

---

[2] We note that, even if Taylor's conviction were to rest solely on circumstantial evidence, "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

The jury had the responsibility to resolve conflicts in the testimony and determine on what date the shooting occurred. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Moreover, it has long been the law in Texas that the State "is not bound by the date alleged in the indictment and may prove that an offense was committed before, on, or after the date alleged, so long as the date is anterior to the presentment of the indictment and not barred by limitation." *Madeley v. State*, 307 S.W.2d 584, 586 (Tex. Crim. App. 1957).

Finally, Taylor complains that "no evidence connects [Taylor] to either the gun or the bullets that shot [Acosta]" because the gun that was used to shoot Acosta was never recovered and a gun seized from Taylor's residence did not match a bullet removed from Acosta's body. However, Acosta directly linked Taylor to the gun that was actually used to shoot him because he testified that he saw Taylor shoot him with a gun. The jury could reasonably and justifiably have inferred that Taylor disposed of *that* gun after he ran away from the crime scene. *See Clayton*, 235 S.W.3d at 778 (jury has the responsibility "to draw reasonable inferences from basic facts to ultimate facts"). It is therefore of no moment that the gun seized from Taylor's residence could not be the gun with which Taylor shot Acosta.

## CONCLUSION

We overrule Taylor's sole point of error and affirm the trial court's judgment.

Luz Elena D. Chapa, Justice

Do Not Publish