No. 2584.

WILLIAM SMITH *v.* THE STATE.

1. PERJURY—EVIDENCE—CASE APPROVED.—Note the approval of Wilson
v. The State, *ante*, to the effect that without a supporting affidavit an
information is not sufficient evidence of jurisdiction alleged in the
indictment, and that the omission of the trial court, on trial for per-
jury, to give in charge to the jury the substance of article 746 of the
Code of Criminal Procedure, is fundamental error. But note that the
errors in this respect, committed upon the trial of Wilson's case, were
not committed upon the trial of this case.

2. SAME—INDICTMENT which conforms to No. 122 of Willson's Criminal
Forms is sufficient to charge the offense of perjury.

3. PRACTICE—CHARGE OF THE COURT.—It is a rule of practice in this
State that special instructions, whether given or refused by the trial
judge, must be authenticated by his signature, and if the record fails
to show that such instructions were refused, the Appellate Court will
presume that they were given.

4. SAME.—Special instructions are properly refused when it appears that
to the extent they were correct they were embodied in the general
charge.

5. SAME.—The materiality of matter assigned as perjury is a question to
be determined by the court, and not by the jury. A special instruction
announcing the converse as the rule was properly refused.

6. SAME—PRIVILEGE OF COUNSEL.—In his concluding argument the coun-
sel for the defense stated to the jury that the State's counsel, in closing
the case, would have something to say about why P. and W. and E. (all
of whom were shown to be indicted for the same offense) were not put
on the stand by the defense, and that the reason they were not called
to the stand was that, if called, the prosecuting officer would indict
them again for perjury. In reference to this matter the State's coun-

Opinion of the court.

sel, in concluding the argument, stated that all of the parties named, except W., who had been convicted, could have been called to testify without danger of indictment if they testified to the truth. *Held,* that the remarks of the State's counsel, being responsive to the argument for the defense, were legitimate.

APPEAL from the District Court of Fayette. Tried below before the Hon. H. Teichmueller.

This is a companion case to that of Wilson v. The State, which immediately precedes it. The perjury assigned is the same in each case, and the penalties assessed by the juries is the same — confinement in the penitentiary for five years.

The same witness who testified in the Wilson case testified in this case, proving against this defendant substantially the same facts that were proved against Wilson. It also appeared in evidence in this case that Wilson, Phillips and Edwards were under indictment for the same offense, viz., testifying to the same false statement on the trial of Bean.

*Phelps & Lane,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. This is a companion case to that of Albert Wilson v. The State, just decided, and was a prosecution for perjury committed in the same judicial proceeding, and assigned upon the testimony of this defendant given as to the same subject matter. But in this case the errors for which the Wilson case has been reversed have not been committed. In this case the complaint upon which the information in Bean's case was based was introduced in evidence, and the charge of the court substantially complied with the provisions of article 746, Code Criminal Procedure, relative to the testimony essential to a conviction. Defendant's motion to quash the indictment was properly overruled, the indictment being in all essential particulars in substantial compliance with the law and with the approved forms and previous adjudications upon the validity of indictments in such cases. (Penal Code, art. 188; Willson's Crim. Forms, No. 122 and notes 1 and 2; Willson's Crim. Stats, sec. 308, and especially under the head "Materiality.")

No exception appears to have been taken to the charge of the court as given, and it does not appear that defendant's special requested instructions were either given or refused, there being no indorsement by the judge upon them. Taken as a whole, the achrge, in our opinion, sufficiently submitted the law of the case in regard to the matters complained of, especially in the absence of exceptions as to any particular portion, and in fact it could not be said to be defective, even had such exception been reserved, because in its entirety it presented the law fully and in a manner so that the jury could not have been misled, to the prejudice of defendant.

As to defendant's special requested instructions, the rule is: "If requested instructions are 'given' or 'refused,' they must be authenticated by the judge's signature; and when nothing indicates that they were refused, it will be presumed on appeal that they were given." (Willson's Crim. Stats., secs. 2354, 2355, 2366.) It is true that one of the grounds of defendant's motion for new trial, and one of the assignments of error, is the refusal of the court to give these special instructions. Suppose this entitled them to consideration as refused instructions, then it appears from said instructions that those which were legal had already been substantially given in and covered by the general charge, and the others, to wit, the third, fourth and sixth, should not have been given because *the materiality* of the false statement assigned as perjury is a question for the court and not the jury to determine. (Jackson v. The State, 15 Texas Ct. App., 579; Davidson v. The State, 22 Texas Ct. App., 372; Donahoe v. The State, 14 Texas Ct. App., 638; Washington v. The State, 23 Texas Ct. App., 336.) There was no error in refusing said instructions.

The only remaining supposed error is presented in defendant's bill of exceptions number two, as to remarks made by the district attorney in his closing argument. These remarks were in reply to matters commented upon by defendant's counsel, and were perfectly legitimate under the circumstances; and, were it otherwise, no harm or prejudice to defendant's rights is made to appear on account of said remarks. (Bass v. The State, 16 Texas Ct. App., 62; House v. The State, 19 Texas Ct. App., 227; Pierson v. The State, 18 Texas Ct. App., 524.)

We have failed to find any reversible error in this record, and the judgment is therefore affirmed.