HOY BRAILAFORD v. THE STATE.

No. 2522.　Decided June 18, 1913.

**1.—Assault to Murder—Argument of Counsel.**

Where defendant was not charged with any other offense than assault to murder, it was improper on part of State's counsel to tell the jury that they would have to try the defendant for a higher offense in the near future if they did not convict him.

Vol. 71 Crim.-8.

**2.—Same—Charge of Court—Party Injured.**

Where the defendant was charged with assault to murder T, and the evidence showed that he intended to shoot G, it was error to charge that if defendant intended to shoot G, and by mistake shot H to find him guilty.

**3.—Same—Charge of Court—Aggravated Assault.**

Where, upon trial of assault to murder, the evidence raised the issue of aggravated assault, the court should have submitted a charge thereon, and it was error to instruct the jury that if the defendant shot at T, thinking he was shooting at G, he would be guilty of assault to murder.

**4.—Same—Charge of Court—Mistake of Fact.**

Where, upon trial of assault to murder, the evidence showed that the defendant was acting under a mistake of fact in shooting at the party alleged to have been injured, the court should have submitted a charge on aggravated assault.

Appeal from the District Court of Newton. Tried below before the Hon. A. E. Davis.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Forse & Wigley,* for appellant.—On question of argument of counsel: McKinly v. State, 52 Texas Crim. Rep., 182, 106 S. W. Rep., 342; Taylor v. State, 50 Texas Crim. Rep., 560, 100 S. W. Rep., 393; Smith v. State, 55 Texas Crim. Rep., 563, 117 S. W. Rep., 966; Davis v. State, 54 Texas Crim. Rep., 236, 114 S. W. Rep., 366.

On question of court's charge: Stevens v. State, 38 Texas Crim. Rep., 550; Chatman v. State, 40 id., 272; Jackson v. State, 88 S. W. Rep., 239; Slaughter v. State, 34 Texas Crim. Rep., 81.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of court's charge: Williams v. State, 15 Texas Crim. App., 617; Childers v. State, 33 Texas Crim. Rep., 509; Branch's Crim. Law, sec. 520.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at two years confinement in the penitentiary.

The first bill of exceptions complains of the following remarks of the district attorney: "Gentlemen of the jury, if you don't convict this defendant for this offense you will see you will have to try him for a higher offense in the near future; the way to stop this is to send this defendant to the penitentiary." Objection was urged to this because there was no evidence that appellant was charged with any other offense, and such remarks were calculated to prejudice him before the jury. The above remarks were not justified or called for, and were erroneous. We have frequently expressed the hope that counsel would not jeopardize convictions by intemperate remarks and such arguments are not to be justified under the law and the facts. This court ought not to be called on to reverse on such matters. Trial courts ought not to permit such

performances. They have authority to do so and should exercise that authority, and if necessary plenarily.

The court gave the following charge, to which exception was reserved: "If you believe from the evidence beyond a reasonable doubt that the defendant, Hoy Brailaford, in the County of Newton, and State of Texas, on or about the time charged in the indictment with a deadly weapon, did unlawfully with malice aforethought make an assault in and upon Hamp Thomas, and did shoot the said Hamp Thomas with a gun within carrying distance with intent to kill, and at the time he shot, if he did shoot, his intent if any was to shoot and kill Sam Gatling, but by mistake he shot, if he did shoot, one Hamp Thomas, then you will find the defendant guilty of assault with intent to murder and assess his punishment," etc. We are of opinion this charge is wrong. Appellant was not charged with shooting at Sam Gatling but shooting at Hamp Thomas. It is further objected that the charge failed to instruct the jury that had death resulted from the alleged shooting and it had been manslaughter, then the jury would consider the offense of aggravated assault, and it was the duty of the court to charge upon aggravated assault under the evidence in this case. Appellant had had a previous difficulty with the Gatling boys a few moments before shooting at Hamp Thomas. Sam Gatling had snapped a pistol in his face a time or two, which caused appellant to flee, and as he ran away Gatling shot at him two or three times. Appellant secured a gun, which was loaded with bird shot, and passing along the road he saw two parties whom he believed to be the Gatlings and fired at the one he thought to be Sam Gatling. The distance between the parties was thirty-four yards. This occurred at night. The gun was loaded with bird shot. Several of the shot struck Thomas, but there seems to have been no serious injury. If appellant shot at Thomas, thinking it was Sam Gatling, under the circumstances had he killed Sam Gatling, the offense might not be higher than manslaughter; at least it would have been a serious issue in the case. Gatling had just snapped his pistol at him and had fired at him as he ran away. This certainly constituted, on the part of Gatling, an aggravated assault, if not an assault with intent to murder appellant. If a few minutes afterwards he met Sam Gatling and his mind had not cooled and if he had shot Sam Gatling, manslaughter would have been a very serious question in the case, and one that would require a submission of that issue to the jury. From this standpoint the charge quoted above is erroneous, wherein the court charged the jury that if appellant shot at Hamp Thomas, thinking he was shooting at Sam Gatling, he would be guilty of assault to murder. This was settling the question adversely to appellant without any reference as to what the jury might think as to the condition of appellant's mind at the time he shot at Hamp Thomas, thinking it was Sam Gatling. Had it been Sam Gatling, as appellant says he believed it was at the time he shot, the issue of manslaughter would have been prominent, and would have required a charge on the part of the court. If it had been no

higher offense than manslaughter as to Sam Gatling, a homicide not following, the issue of aggravated assault was in the case and he could not be guilty of any higher grade of culpability in shooting Hamp Thomas, under the circumstances, than he would have been had he in fact shot Sam Gatling. The doctrine of mistake also enters this phase of the case and required the court to charge upon aggravated assault. This charge as given was clearly erroneous; and the further error is noted in this connection that the court failed to charge upon aggravated assault. This was also erroneous. In this connection, in view of the charge, the court should have submitted the issue of the condition of defendant's mind at the time he shot at Thomas, viewed in the light of his mistake in believing he was shooting at Sam Gatling.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*