## TOM MCDONALD v. THE STATE.

No. 11113.   Delivered January 18, 1928.

**1.—Transporting Intoxicating Liquor—Misconduct of Jury—Receiving Other Testimony—Reversible Error.**

When, in the retirement of the jury, and before reaching a verdict, one of the jurors stated in the presence and hearing of the others, that he had read the newspaper reports of the examining trial of Mittie Lavoice, and that according to such report she had testified that she had given part of the money claimed to have been stolen from E. E. Hardigree to appellant. No evidence in regard to this matter was introduced on the trial, and for this misconduct of the jury, the judgment will be reversed.

**2.—Same—Continued.**

The statement constituted "other testimony" and was obviously highly prejudicial to appellant. Where, after retirement, the jury receives other evidence, damaging to appellant, the presumption of injury will obtain. See Brown v. State, 276 S. W. 929.

Appeal from the District Court of Bowie County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction of transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Joe Hughes,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

In his amended motion for a new trial, appellant alleged that the jury, after having retired to deliberate upon the case, received other testimony. The motion was supported by appellant's affidavit, and attached thereto were the affidavits of three jurors. It appears to have been uncontroverted that, after the jury retired to deliberate upon their verdict and before they had arrived at a verdict, one of the jurors stated to the jury that he had read the newspaper report of the examining trial testimony of one Mittie Lavoice, and that according to such report she had testified that she had given part of the money claimed to have been stolen from E. E. Hardigree to appellant. It is further uncontradicted that the juror stated, in effect, that appellant and Mittie Lavoice were guilty of robbery and should be in the penitentiary, and that the jury discussed and considered the information imparted to them by the juror.

The record discloses that appellant, Mittie Lavoice, and Boy Barnes had been jointly indicted for transporting intoxicating liquor, and that the liquor involved had been sold to E. E. Hardigree, state's witness. The witness, Hardigree, testified to having lost some money at about the time the liquor was delivered to him. The state showed by appellant that he was under indictment for robbery in connection with the loss of said money. No witness testified that appellant had received any part of the alleged stolen money from Mittie Lavoice, and no effort was made by the state to offer in evidence the examining trial testimony of the said Mittie Lavoice.

The statements constituted "other testimony," and were obviously highly prejudicial to appellant. Where, after retirement, the jury receives other evidence damaging to appellant, the presumption of injury will obtain. Brown v. State, 276 S. W. 929.

The other questions presented have not been discussed as they are not likely to arise on another trial.

On account of the misconduct of the jury, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.