THOMAS DAVIS v. THE STATE.

No. 12834. Delivered April 2, 1930.
Reported in 26 S. W. (2d) 649.

The opinion states the case.

*Grisham Bros.* and *W. B. Collie,* all of Eastland, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, murder; penalty, death.

Appellant was charged with the murder of A. L. Shook. The body of deceased with that of his brother, Leon Shook, was found in a badly decomposed condition. Appellant and one Clyde Thompson were arrested. Appellant's confession was introduced in evidence. Its effect was to show that Clyde Thompson did the killing, robbery being the motive, and that appellant's presence at and participation in same was such as to make him a principal. The details of the crime are revolting and not necessary to repeat.

Defensive evidence was introduced tending to show that the confession of appellant was wrongfully obtained and that his participation in the killing of the Shook boys was due to the duress of Clyde Thompson. It also defensively appears that appellant was seventeen years old and of subnormal mentality. The actual killing was shown to have been done with a pistol in the hands of Clyde Thompson. A shotgun had also been carried by Thompson, appellant and his younger brother the night of the killing on a hunting expedition. It was shown that this shotgun was not available to any of the participants at the time of the killing.

Several bills of exception appear to the alleged improper argument of the prosecution. Among these we quote the following:

"While the prosecuting attorney, J. Frank Sparks, was closing his argument in behalf of the State, and at a time that the Defendant had no reply, he made the following arguments:

'I tell you Gentlemen of the Jury, when A. L. Shook ran back toward that little ravine, he did not fall until this defendant, who had secreted himself at that place, shot the deceased in the back of the head with that double barrel shot gun and blew it off as the deceased ran by this defendant and while Clyde Thompson was pursuing him."

. The indictment in this case alleged that the shooting was done with a pistol. The evidence for the State, as before stated, showed that the killing was done with a pistol in the hands of Clyde Thompson, and sufficiently showed appellant's participation in such crime as to justify an authorization of conviction of appellant as a principal, though deceased was shot by Thompson. The Court nowhere submitted the theory that appellant did any shooting with a shotgun or that he in any manner by any direct physical violence personally administered, caused or contributed to the death of deceased. Nor does there seem to be sufficient testimony in the record as would clearly support such theory if it had been submitted. The State bound itself to the theory both by its pleading and proof of a killing with a pistol and the charge of the Court correctly followed such theory, as before pointed out. It is shown that attorneys for the State vigorously contended in argument that appellant shot deceased with a shotgun from ambush and stated such to be a fact. The affidavits of jurors showed they took statements of this character as true and some of them voted for the death penalty by reason thereof. The effect of the attorneys' statements as to this being a fact and their insistence upon a conviction for this reason amounted to an argument to the jury to disregard the Court's instructions. The State under the record shown here was not entitled to a conviction upon any such theory. This record beginning with the indictment and ending with the charge presents an entirely different theory. The jury cannot be urged to disregard the Court's instructions, particularly upon an hypothesis not shown to exist in the evidence. Clements v. State, 61 Tex. Crim. Rep. 161; Brailaford v. State, 158 S. W. 541; Rodriquez v. State, 100 Tex. Crim. Rep. 11. This was error.

Again, reference was made to matters by counsel for the State that were ruled out by the Court as irrelevant and immaterial, and the inference was attempted apparently to be left with the jury that

if such matters had been proven, they would have furnished some motive for a premeditated killing. This was improper. No such facts appear in the record and reference to such by innuendo may have misled the jury. Hicks v. State, 101 Tex. Crim. Rep. 72; Passaloque v. State, 104 Tex. Crim. Rep. 556.

Testimony was introduced as to appellant's subnormal mentality. Among which was the fact that he had only reached the seventh grade, had been forced to remain out of school the preceding year due to physical disorders. It also uncontradictedly appears from his father's testimony that he had never been in any trouble. Jury misconduct is alleged in the motion for new trial. In support of the allegations therein it was shown that the jury stood on the first ballot from fifteen years up through various degrees of punishment to a penalty of death. That during their deliberations one juror told the others that the family of defendant traded with him, that the appellant did not stay out of school for the reasons testified to by his father, but because he played "hookey." The jury also discussed appellant having gotten into trouble at the country school near the Davis farm. Also that one Bob Mohler had once gotten the death penalty for murdering the mail carrier and on a new trial got a penalty of ninety-nine years and afterwards escaped from the penitentiary. None of such alleged facts were proven at the trial. The combined effect of these various matters must have been prejudicial and probably caused the infliction of an enhanced penalty. The reception by the jury after retirement of new and prejudicial testimony will ordinarily work a reversal without inquiry as to its effect upon the verdict. Sparks v. State, 300 S. W. 938, and authorities there cited; Branch's P. C., Sec. 566, where many authorities are collated; McKissick v. State, 9 S. W. 269; McDonald v. State, 1 S. W. (2d) 892; Culver v. State, 249 S. W. 853; Dunn v. State, 161 S. W. 467; Gilbert v. State, 215 S. W. 106; Brown v. State, 276 S. W. 929.

Many other bills presenting alleged misconduct of the prosecuting attorneys appear, but we mention only such as we regard as the more serious of these. We are convinced that the several matters discussed above were well calculated under the peculiar facts shown here to operate to the prejudice of the accused. Appellant did not do the actual killing. No such issue was regarded by the trial judge as being present in the record. The issue of appellant's subnormal mentality was overwhelmingly raised, if not established. Under such a state of facts death is an extremely harsh penalty against a

624

boy of only seventeen, charged with his first offense. Recreant and impulsive youth would not ordinarily be expected to receive this punishment. We mention these matters to illustrate that what is here held reversible error might not under other circumstances be regarded as such.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.