ELLA CHAPMAN v. THE STATE.

No. 19715. Delivered June 8, 1938.
Rehearing denied October 12, 1938.

The opinion states the case.

*Smith & Dowdy,* of McKinney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted for having in her possession distilled liquor, to-wit: whisky, without there being affixed to the container, in which said whisky was contained, a proper stamp showing the payment of the State tax due thereon, and she was awarded a penalty of a fine of $100.00.

The testimony shows that appellant and a man named Boyd were operating the Nook Cafe in Collin County. Upon a search of the place a Coca-Cola box was found therein with a false bottom, and the sheriff turned on a faucet at the bottom thereof and drew from such bottom a quart of whisky, and there was no evidence attached to such box or container showing the tax thereon to have been paid the State.

Appellant's bill of exceptions No. 1 complains of the trial court's failure to quash the complaint and information on several offered grounds. It is sufficient, we think, to say that on page 1055 of the published Acts of the 45th Legislature the term "illicit beverage" is defined in part as any alcoholic beverage " * * * on which any tax imposed by the laws of this State has not been paid and the tax stamp affixed thereto." Again on page 1078, same laws, we find: "(12) It shall be unlawful for any person to have in his possession or transport in this State any illicit beverage."

We next find the information herein charging that:

" * * * Ella Chapman did then and there unlawfully have in her possession distilled liquor, to-wit: whisky, in a container to which no stamp showing the payment of tax on said liquor due to the State of Texas was affixed, and to which so unstamped container no valid evidence was affixed showing the payment of the tax on such liquor due to the State of Texas, and a stamp was then and there required by the laws of the State of Texas to be affixed to such container, and a tax on such liquor was then and there due to the State of Texas," etc.

It occure to us that such information states all the elements of the offense denounced by the law, and this bill seems to be without merit.

Appellant's next complaint is relative to the fact that the county attorney, through inadvertence, had neglected to fill in the blanks left for the purpose of dating the complaint and information. It is noted that the signatures of all parties were properly on said complaint and information, and all that was needed was to fill in the date of September 15, [193]7. The pleadings recited the date of the offense as of date September 11, 1937, and anterior to the making and filing of such pleading. The court merely allowed such complaint and information to be dated, the jurat on the complaint, showing the same to have been sworn to by the affiant, already being thereon. This was a mere matter of form and not of substance, and the court's ruling thereon was correct. Branch's Penal Code, p. 264.

Objection is also made to the trial court's charge as to the penalty set forth therein. On page 1090, Laws of 45th Legislature, Regular Session, Section 39, we find the following which we think is applicable to this case:

"Any person who violates any provision of Article 1 of this Act for which a specific penalty is not provided, shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00), or by imprisonment in the county jail for not more than one year." Also found in Vernon's 1938 Supplement as Article 666-41, Penal Code.

The trial court's charge went further and added at the end of the above quotation "or both such fine and imprisonment," which addition, in our judgment, was harmless error on account of the fact that appellant received the lowest fine of $100.00, and no imprisonment was awarded her.

We have examined all other matters raised by appellant in. her requested charges as well as objections to the court's charge, and find no error therein.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, JUDGE.—Appellant, in her motion for a rehearing, contends that we erred in several respects in our original opinion.

After a most careful review of the record in the light of her motion, we remain of the opinion that the case was properly disposed of on original submission.

A further discussion of the questions originally presented and reurged in the motion would serve no useful purpose.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.