ORVAL HAMPTON V. STATE.

No. 25,754. March 26, 1952.
Rehearing Denied April 30, 1952.

Hon. Walter S. Pope., Jr., Judge Presiding.

*Reid & Reid,* by *T. M. Reid,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for driving a motor vehicle upon a public highway while intoxicated, the jury having assessed the punishment at 30 days in jail.

Clifton Alexander, a police officer of the city of Abilene while on patrol duty, met appellant who was alone in the car he was driving. Officer Alexander observed that appellant's car was weaving from one side of the road to the other. He turned his car and followed appellant, and finally, by means of his siren and signal lights, induced him to stop.

The officer testified that appellant had the odor of alcohol on his breath; that he had difficulty in standing or walking and in producing his drivers license, and that he was definitely drunk.

Complaint is made of the fact that the county attorney was permitted to amend the complaint by inserting therein the date "5th day of September 1951."

No motion to quash the complaint nor exception thereto was filed, but appellant, after the state had rested, moved for an instructed verdict in which he alleged such amendment of the complaint to have been made during the progress of the trial and without the knowledge or consent of appellant.

There appears in the statement of facts, containing the evidence adduced bearing upon the guilt or innocence of appel-

lant, the motion filed by appellant and the evidence heard in the absence of the jury. We are not authorized to consider this testimony.

Art. 759a, Sec. 6, Vernon's Ann. C.C.P., provides that the facts adduced in connection with any motion shall be filed with the clerk separately from the facts adduced bearing upon the guilt or innocence of the defendant. Neither the motion nor the testimony heard thereon should have been included in the statement of facts proper.

The question raised was decided against appellant's contention in Chapman v. State, 135 Tex. Cr. R. 298, 119 SW(2) 1047, wherein we held that the court's action in permitting the complaint to be amended by filling in the date it had been sworn to was correct, the amendment being as to a matter of form and not of substance.

Bills of Exception Nos. 4, 5 and 6 are addressed to the argument of the county attorney. We see no error in the remarks complained of in Bills of Exception Nos. 4 and 5 wherein the county attorney, in arguing for a jail term, compared the driving of an automobile by an intoxicated driver to the firing of a pistol into a crowd, both of which would endanger a lot of lives, and that a jail term was the only way to "stop this."

As to the argument complained of in Bill of Exception No. 6, appellant's objection was sustained. There was no request for instruction to the jury to disregard the argument, and no exception reserved.

It follows that reversible error is not shown by this bill. See Branch's Ann. P.C. Sec. 362, p. 204.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant calls our attention to the fact that we did not dis-

cuss his Bill of Exception No. 7. Such was directed to the failure to grant a new trial because the state had not proven the year in which the offense was committed.

We have again examined the statement of facts with this complaint in mind. The rule is well expressed as follows:

"While it is not incumbent upon the state to prove the exact date named in the indictment, yet proof that the offense was committed at such time as that the prosecution would not be barred by the statute of limitations is necessary." Smith v. State, 124 Tex. Cr. Rep. 686, 65 S. W. (2d) 309, and Womack v. State, 145 Tex. Cr. Rep. 551, 170 S. W. (2d) 478.

The statute of limitations for the offense involved is two years. 181 C. C. P.

The complaint herein was filed on September 5, 1951. The trial was had on October 15, 1951.

Officer Alexander, who arrested appellant while he was in the act of committing the offense in question, did not give the year in which the same occurred, but stated that he made the arrest on September 2nd. We do find, however, from the officer's testimony, that he had been on the police force only since November 1, 1949. It is, therefore, conclusively shown that the complaint was filed within two years from the time of the commission of the offense, and the proof satisfied the rule heretofore set forth.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.