Thomas E. CADENHEAD, Appellant,

v.

The STATE of Texas, Appellee.

No. 35928.

Court of Criminal Appeals of Texas.

June 26, 1963.

Don Wilson, F. T. Gauen, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Neill English, Frank Wright and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., of Austin, for the State.

MORRISON, Judge.

The offense is negligent homicide in the second degree; the punishment, three years in jail.

In view of our disposition of this case, a recitation of the facts will not be necessary.

The offense was alleged to have been committed on or about the 2nd day of January, 1961.

■ The complaint was sworn to on September 24, 1962, and bears file mark showing it to have been filed on September 25, 1965 (an impossible date). The information is not dated, nor does it recite that it was based upon a complaint then pending. There is nothing in the record to show when it was filed other than that it also bears file mark indicating that it was filed on September 24, 1965.

■ A valid complaint is a prerequisite to a valid information and must be made prior to the presentment of the information. Womack v. State, 162 Tex.Cr.R. 435, 286 S.W.2d 140, and Billingslea v. State, 160 Tex.Cr.R. 244, 268 S.W.2d 668.

Assuming that the fault lies in the preparation of the transcript, we pass to other claims of error which must be sustained.

The negligent act alleged in the information was the "driving and operating a motor vehicle at a greater rate of speed than 30 miles per hour on a public street and highway there situate, said speed being unreasonable and imprudent speed under the conditions then existing having regard to the actual and potential hazards."

■ The court's charge to the jury correctly followed these allegations and required a finding of negligence in the speed appellant was driving. The prosecutor in his argument said, "Do any of these cars (pictures of which had been introduced in evidence) look like he (appellant) was going anything under 60 miles per hour? Don't you think that was negligence?" There was nothing improper in the argument so far, but the prosecutor continued, "Don't you think that was negligent for Cadenhead (appellant) to drink and drive?" A prompt objection was overruled, and in this we have concluded the court fell into error. In Davis v. State, 114 Tex.Cr.R. 620, 26 S.W.2d 649, this Court said, "The state bound itself to the theory, both by its pleading and proof, of a killing with a pistol, and the charge of the court correctly followed such theory * *." In holding that argument that deceased had met his death by the blast from a shotgun constituted reversible error, this Court said, "The jury cannot be urged to disregard the court's instructions * * *." This case is particularly applicable to the case at bar since the enactment of Article 408a, Vernon's Ann.C.C.P., in 1959. Such article provides that the act of negligence relied upon for conviction shall be alleged. Here, the act of negligence relied upon was a violation of the speed law, and it was highly improper for the prosecutor to ask the jury to convict upon another act of negligence not set forth in the information or the charge.

■ Upon another trial, we assume that the mother of the deceased will not be questioned about deceased being the "sole support" of herself and her husband. Such testimony was denounced by this Court in Ainsworth v. State, 122 Tex.Cr.R. 483, 56 S.W.2d 457.

For the errors pointed out, the judgment is reversed and the cause remanded.