**Jesus Garcia TORRES, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 36960.

Court of Criminal Appeals of Texas.

May 27, 1964.

Rehearing Denied Oct. 14, 1964.

O'Shea & Pounds, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., William M. LauBach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is failure to stop and render aid; the punishment, five years.

Dwight Davis testified that he and his wife were driving home from his brother's house in his Renault on the night in question and overtook a red Chevrolet Impala being driven at a very slow rate of speed, that he passed the same, but that a short distance up the country road, he observed the same automobile overtaking him, and

at this time it was being driven at an extremely high rate of speed, that he pulled to his right, but that the Chevrolet hit his left rear fender causing him to overturn several times. He stated that when he was able to regain his senses, no automobile was in sight and his wife lay unconscious on the road, that she was carried to a hospital in an ambulance and there remained for approximately a month under the care of a brain specialist. The Chevrolet never returned to the scene of the collision, but was apprehended by the police some miles away with its right front fender and headlights severely damaged.

Appellant's confession recites that after having drunk 13 or 14 cans of beer in company with two other Latin Americans at a dance, and while he was driving 65 or 70 miles per hour, he came upon an automobile and hit its left rear fender with his right front fender, but that he did not stop because his companions told him that he had not hit the little white car "very bad". Testifying in his own behalf, appellant admitted the truthfulness of his confession and admitted his guilt and that he was drunk on the occasion.

This, we conclude, is a sufficient statement of the facts and shall address ourselves to a discussion of the questions raised by appellant's counsel on appeal in brief and in argument.

■ He first contends that jury misconduct occurred when some of the jurors during their deliberations discussed the fact that appellant might not have to serve the full time which they assessed in their verdict because of the operation of the Adult Probation and Parole Law. This question is not before this Court for consideration because all the testimony adduced upon the hearing of appellant's motion for new trial is incorporated in the statement of facts on the merits in direct contravention of the terms of Article 759a, Sec. 6 Vernon's Ann.C.C.P. This question has been before this Court several times since the enactment of the above statute. In Hamp-

ton v. State, 157 Tex.Cr.R. 244, 248 S.W. 2d 488, we refused to consider evidence adduced in connection with accused's motion for instructed verdict which was incorporated in the statement of facts on the merits. In Ellithorpe v. State, 167 Tex.Cr. R. 266, 320 S.W.2d 350, and in Selvidge v. State, 171 Tex.Cr.R. 140, 345 S.W.2d 523, we refused to consider evidence adduced in connection with alleged jury misconduct under the same circumstances. In the recent case of Doby v. State, Tex.Cr.App., 363 S.W.2d 286, we refused to consider evidence adduced concerning the accused's motion for change of venue.

■ Appellant next contends that the indictment is fatally defective and does not charge an offense because it does not allege that the offense took place upon a public highway. He concedes that no motion to quash was filed. Article 6701d, Sec. 38, Vernon's Ann.Rev.Civil St. reads as follows:

"(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 40. Every such stop shall be made without obstructing traffic more than is necessary.

"(b) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment in the penitentiary not to exceed five (5) years or in jail not exceeding one (1) year or by fine not exceeding Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment."

It will be noted that no mention is made of a public highway in such section. In the absence of an exception to the indictment, appellant is in no position to complain as to the failure to allege elements defined else-

where in the statute. Though not alleged, ample proof was adduced that the act occurred on a public highway.

We need not discuss appellant's complaints as to the court's charge because none of them reflect fundamental error, and we find no objections to the charge nor any requested charges in the transcript.

 Finding the evidence sufficient to support the conviction and no reversible error, the judgment is affirmed.