Leon Clarence BOUGHTON, Appellant,

v.

The STATE of Texas, State.

No. 2–81–110–CR.

Court of Appeals of Texas,
Fort Worth.

April 14, 1982.

Discretionary Review Refused
July 14, 1982.

Peter Gilfeather, Fort Worth, for appellants.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellees.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

HOLMAN, Justice.

Appellant was convicted of resisting arrest, a Class A misdemeanor. See V.T.C.A. Penal Code § 38.03 (1974).

The jury assessed punishment at thirty days in county jail, probated for thirty days, and a $500.00 fine.

We affirm.

Appellant challenges the sufficiency of evidence and the refusal to grant his requested charge on the law of circumstantial evidence.

On July 23, 1978, two Grapevine, Texas, police officers responded to a disturbance call in their city.

At the scene, they found appellant walking around a man who was bleeding and lying on the ground.

Officer Dobecka went to the aid of the injured man while Officer Armstrong confronted the appellant, who remarked that he had just "whipped" the injured man.

Officer Armstrong testified that he observed appellant behaving in a belligerent manner, that his breath smelled of alcohol, and that he appeared to be under the influence of drugs.

Officer Armstrong testified that he placed appellant under arrest when he saw him attempt to kick the head of the injured man on the ground.

A struggle which began between Officer Armstrong and the appellant was subdued through the assistance of three additional policemen who arrived at the scene. The officers testified that several bystanders joined in the affray.

The misdemeanor information alleged that the appellant "did THEN AND THERE INTENTIONALLY PREVENT AND OBSTRUCT DON ARMSTRONG, A PERSON HE KNEW TO BE A PEACE OFFICER, FROM EFFECTING AN ARREST AND SEARCH OF [appellant], BY USING FORCE AGAINST SAID PEACE OFFICER, TO-WIT: BY STRIKING HIM WITH HIS FISTS AND BY KICKING HIM."

The verdict must be sustained if there is probative evidence to warrant the jury's finding beyond a reasonable doubt that the appellant committed the offense as charged. *Vera v. State*, 499 S.W.2d 168 (Tex.Cr.App.1973); *Floyd v. State*, 494 S.W.2d 828 (Tex.Cr.App.1973).

The elements of resisting arrest are:

(1) a person

(2) intentionally

(3) prevents or obstructs a person he knows is a peace officer (or a person acting in a peace officer's presence or at his direction) from effecting an arrest of the actor or another

(4) by using force against the peace officer or another.

V.T.C.A. Penal Code § 38.03; *Guevara v. State*, 585 S.W.2d 744 (Tex.Cr.App.1979).

Appellant contends there was no evidence that the force used was "by striking with fists or kicking," as alleged in the information.

■ The jury is the exclusive judge of the facts and the weight to be given to the testimony. V.A.C.C.P. art. 36.13 and 38.04; *Esquivel v. State*, 506 S.W.2d 613 (Tex.Cr. App.1974).

■ Our duty is to view the evidence in a light most favorable to the verdict. *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976).

Officer Armstrong testified that during the struggle appellant was "thrashing about" with his "arms and hands and legs and feet". The officer also testified that his body was contacted by appellant's arms and feet during these events.

Officer Schneider testified that he observed appellant flailing his arms and legs in a struggle with Officer Armstrong, who was dressed in a full police uniform, wearing a badge.

Captain Lewis testified that he saw the appellant being "very combative, trying to fight, and he fought with Officer Armstrong and several of the other officers there."

When asked to describe "fight" more clearly, Captain Lewis testified that he saw the appellant "push and shoving, trying to throw Officer Armstrong back up against the car ..."

The statement of facts includes the following exchange during Officer Armstrong's testimony.

Q. Now when you say 'physically resisted', can you be a little more specific for the jury on how he physically resisted you when you put him under arrest?

A. I had—I had to physically grab a hold of him and remove him where he could not kick that man in the side of the head and we went over against a pick-up truck and he was ... trying to get away from me, wrestling with me. He did not hit me with his fist. I was kind of behind him—I don't know how else to explain it. He was fighting with me.

Q. Okay.

It is possible ... that in the struggle ... that you were hit with his fist?

A. It is possible.

I don't—

MR. GILFEATHER: I am going to object, Your Honor, He is trying to impeach his own witness. The witness already testified he wasn't hit with his fists.

THE COURT: Sustained.

Although appellant's objection was sustained, he made no request to instruct the jury to disregard the conflicting testimony.

■ Therefore the testimony was still before the jury and error was not preserved for us to review. *Hasek v. State*, 384 S.W.2d 722 (Tex.Cr.App.1964); *Hampton v. State*, 157 Tex.Cr.R. 244, 248 S.W.2d 488 (1952).

■ A jury is entitled to accept one part of a witness' testimony and reject the remainder. *Hudson v. State*, 418 S.W.2d 813 (Tex.Cr.App.1967).

■ We conclude that when viewed in a light most favorable to the verdict, the evidence was sufficient to sustain the jury's finding. *Jones v. State*, 620 S.W.2d 129 (Tex.Cr.App.1981).

Appellant's first ground of error is overruled.

His second ground complains of the trial court's refusal to grant a requested charge on the law of circumstantial evidence.

To preserve error on this point, appellant was required to bring his requested charge to the trial court's attention and object to the court's own charge before it was read to the jury. V.A.C.C.P. art. 36.14 and 36.15.

The record does not reflect that either action was taken.

V.A.C.C.P. art. 36.17 required appellant to obtain the trial court's certification of his requested charge and file it with the papers in the cause.

There is no certification in the record, so we are presented nothing for review. *McGilvery v. State*, 533 S.W.2d 24 (Tex.Cr.

App.1976); *Reeves v. State*, 516 S.W.2d 410 (Tex.Cr.App.1974).

From the testimony of the police officers we conclude that the state's cause did not depend entirely upon circumstances for conviction.

■ The trial court is not required to instruct the jury on circumstantial evidence when the state relies only in part on circumstantial evidence. *Ransonette v. State*, 550 S.W.2d 36 (Tex.Cr.App.1977).

Appellant's second ground of error is overruled.

Judgment is affirmed.