Peter S. PETERSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–86–00210–CR.

Court of Appeals of Texas,
San Antonio.

April 15, 1987.

Scott Stehling, Stehling, Nagle & Nagle, Kerrville, for appellant.

Matthew W. Paul, Asst. Dist. Atty., Kerrville, for appellee.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for delivery of one-fourth ounce or less of marihuana. TEX.REV.CIV.STAT.ANN. art. 4476–15, § 4.05(a), (b)(1) (Vernon Supp. 1987). After a jury trial, the court assessed punishment at six months' confinement and a fine of $1,000.00.

In one point of error appellant argues error occurred when the trial court permitted an "amended information" to be filed over his objection during trial. Under this assignment appellant presents evidence to show the complaint forming the basis for the "amended information" was first sworn to and filed *after* the original (first) information had been filed. An apt statement of the contention would be: the information was not based upon a valid complaint.

The instruments show that the first complaint was sworn to on the 12th day of November, 1985, and filed on December 2, 1985. The first information was properly filed on December 2, 1985. The complaint alleged the offense occurred on or about October 14, 1985, but the information alleged the date as October 15, 1985.

Following a hearing on appellant's motion to quash the information, the court ordered the complaint amended. Instead of an amendment, a different complaint was sworn to and filed on February 18, 1986.

When the State rested at trial, appellant objected to the trial court permitting the State to file an "amended information." Thereafter, on April 15, 1986, at 12:10 p.m., the "Amended Information" was filed. The objection was, in part:

> The records ... reflect that the information in this case, that the complaint in this case was filed following the filing of the information in this case.

The State contended that under the "inception doctrine" the amended complaint went back to the inception of the original complaint.

TEX.CODE CRIM.PROC.ANN. art. 21.-22 (Vernon Pamphlet Supp.1987) provides:

> No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have the power to administer the oath, or it may be made before an officer authorized by law to administer oaths.

It is plain that the delivery case proceeded to trial on an entirely new complaint which was sworn to and filed after the information upon which the State based its proof was filed. Stated differently, the information was filed (presented) on December 2, 1985, while the supporting complaint was not sworn to and filed until the following February 13, 1986. It follows that the complaint was not in existence when the information was presented on December 2, 1985. *Billingslea v. State,* 160 Tex.Crim. 244, 268 S.W.2d 668, 669 (Tex.Crim.App.1954). The law requires that the information must be preceded by, or accompanied by, a valid complaint.

*Baker v. State,* 159 Tex.Crim. 491, 265 S.W.2d 600 (1954).

■ In this case the complaint could have been amended to reflect the correct date because that is a matter of form, which was brought to the trial court's attention by the motion to quash. The amendment would have left the same instrument intact. Only the date would have been changed to the 14th of October, 1985, thereby preserving the complaint with its dates of swearing and filing preceding the information upon which the trial was based. *See, e.g., Billingslea, supra* 268 S.W.2d at 669, noting that the affiant's name in the body of that complaint, different from the name erroneously placed in the jurat, was subject to correction by amendment of the complaint.

Cases relied upon by the State further confirm what is meant by *amending* a complaint. In *Hampton v. State,* 157 Tex. Crim. 244, 248 S.W.2d 488 (1952) the county attorney was permitted to amend the complaint by *inserting* therein the date "5th day of September 1951." Thus, *Hampton's* amended complaint was the original and only complaint in the trial. In *Chapman v. State,* 135 Tex.Crim. 298, 119 S.W.2d 1047 (1938) the trial court permitted the complaint to be amended *by filling in the date it had been sworn to.* This was upheld on appeal. After noting that the signatures of all parties were properly on the complaint and information and all that was needed was to fill in the date, the court wrote:

> The pleadings recited the date of the offense as of date September 11, 1937, and anterior to the making and filing of such pleading. The court merely allowed such complaint and information to be dated, the jurat on the complaint, showing the same to have been sworn to by the affiant already being thereon. This was a mere matter of form and not of substance, and the court's ruling thereon was correct.

Again, the only complaint in existence in *Chapman* was the original complaint, amended by filling in the date. That same method of amendment would have been proper in the present case. However, in this case the original complaint no longer existed after February 13, 1986. It was not amended; rather, it was fully extinguished.

■ While we concur with the State's contention that an information may be amended at trial now under certain circumstances, *see* TEX.CODE CRIM.PROC. ANN. art. 28.10 (Vernon Supp.1987), we are compelled to find there was no amendment either of the complaint or of the information. The case proceeded to trial upon an invalid information since it was not preceded by nor accompanied by a valid complaint, one which had been filed prior to or at the same time as the information. It follows that appellant was put on trial on an information which was not based upon a valid complaint. The new information, sworn to and filed after the State presented its case in chief, did not cure the error.

■ A complaint sworn to after the information has been presented will not support a conviction. *Marlar v. State,* 364 S.W.2d 384 (Tex.Crim.App.1963). Further, an information not based upon a valid complaint is fatally defective. *Baker v. State, supra.*

Because the information upon which the State went to trial and based its entire proof was presented before the complaint in this case was in existence, the case must be reversed.

The judgment is reversed and the cause remanded.

CHAPA, Justice, dissenting.

I would respectfully dissent.

In his only point of error, appellant claims the trial court erred by permitting the State to file an amended information during the trial over his objection.

The record reflects that a complaint and information in the delivery case were filed on December 2, 1985. The complaint alleged that the offense occurred on or about October 14, 1985, whereas the information alleged that the offense occurred on or about October 15, 1985.

On February 7, 1986, the trial court denied appellant's motion to quash the information in which he alleged it rendered him "unable to properly prepare his defense."

The court however ordered the complaint amended to reflect the correct date as stated in the information. On February 18, 1986, an amended complaint reflecting the correct date was filed.

The case was called for trial on April 14, 1986, a plea of "not guilty" was entered, and the case was tried.

During the trial, over appellant's objection, the trial court permitted the State to file an amended information which was identical to the original one, except for the date of filing. It is this amended information about which appellant now complains.

Whether an amended information can be filed at this stage of the trial is within the discretion of the trial judge if it does not violate TEX.CODE CRIM.PROC.ANN. art. 28.10. Therefore the standard of review is abuse of discretion.

The legislative history of amended TEX. CODE CRIM.PROC.ANN. art. 28.10 discloses that the obvious intent of the legislature was to eliminate the problems which have arisen from mistakes in indictments and informations which could have been corrected earlier avoiding the burden of unnecessarily trying the case twice. The House Study analysis of Senate Bill 160 which led to the present amendment of article 28.10 discloses the following remarks:

> Art. 28.10 of the Code of Criminal Procedure provides that any matter of form in an indictment or information may be amended at any time before an announcement of "ready for trial" by both parties, but not afterward. No matter of substance can be amended. Matters of substance include such things as essential elements of the offense charged, the time and place where the offense took place, and prior convictions when a repeat offense is charged. Matters of form include such items as the caption of the indictment and the number and term of the court. Art. 28.09 provides that if a challenge ("exception") to an indict-

ment or information is made on account of a defect of form, not substance, the written charge will be amended, and the case will proceed based on the amended charge.

Under art. 28.01, if the judge sets a pretrial hearing in a case scheduled for trial on the merits, any exceptions to form or substance of the indictment or information must be raised seven days before the hearing, except by permission of the court for good cause shown. The defendant must be given sufficient notice of the hearing in order to have not less than ten days in which to raise the exception.

SB 169 would provide that if a defendant did not object to a defect, error, or irregularity of form or substance before the date on which the trial began, the defendant would waive and forfeit the right to object on that ground and could not raise the objection on appeal or in any other post-conviction proceeding. A judge could require that an objection be made to an indictment or information at an earlier time in compliance with the deadlines for pretrial hearings in art. 28.-01.

If an exception to an indictment or information was sustained on account of an error in form or substance, the charging instrument could be amended after notice to the defendant any time before the trial began, and the trial could proceed. At the defendant's request, the court would have to allow the defendant not less than ten days, or a shorter period if the defendant requested it, to respond to the amended indictment or information.

An indictment or information could not be amended over the defendant's objection regarding form or substance if the amended indictment or information charged the defendant with an additional or different offense or if the substantial rights of the defendant were prejudiced.

A matter of form or substance in an indictment or information could be amended after the trial began and defendant did not object.

The changes made by the bill would apply only to an indictment or information presented on or after the effective date of the bill.

The bill would take effect on Dec. 1, 1985, but only if SJR 16, which would grant the Legislature the authority to set procedures concerning indictments and informations, was approved by the voters on Nov. 5, 1985.

SB 169 is a balanced effort to protect both the state and defendants in criminal cases from problems arising from mistakes in indictments. Defendants should not be able to "lay behind the log," concealing their objection to a defect in an indictment until after the trial, when it is too late to correct the problem. Defendants wait to see if they will be convicted, then raise the defect for the first time on appeal. If the defect is considered substantial, the appeals court is bound under current law to overturn the conviction, and the defendant must be reindicted and retried. Because that process can take years, key witnesses may no longer be available. Thus a criminal can go free on a technicality, and public confidence in our system of justice is undermined.

House Comm. on Criminal Jurisprudence, Tex.S.B. 160, 69th Leg. (1985).

Therefore, it appears obvious that the purpose of the amendment to art. 28.10 was to permit such corrections as are involved in the case at bar.

TEX.CODE CRIM.PROC.ANN. art. 28.-10 was amended effective December 1, 1985, to read in pertinent part as follows:

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information *may not* be amended *over the defendant's objection* as to form or substance *if the amended indictment or information charges the defendant with an additional or different offense or if the substantial rights of the defendant are prejudiced.* (Emphasis added).

Except for the date of filing, the amended information was identical to the one filed on December 2, 1985. Clearly, the amended information did not charge the defendant with an additional or different offense. Nor did the amended information prejudice the substantial rights of the defendant. The defect, if any, in the information, was one of form. Accordingly, we look to TEX.CODE CRIM.PROC.ANN. art. 21.19, which mandates that judgments shall not be affected "by reason of any defect of form which does not prejudice the substantial rights of the defendant." *Adams v. State*, 707 S.W.2d 900 (Tex.Crim.App.1986).

The substantial right invoked by defendant's filing of a motion to quash for insufficient notice is in the constitutional right to adequate notice of the charges against him. *Jeffers v. State*, 646 S.W.2d 185 (Tex.Crim. App.1981) (opinion on State's motion for rehearing).

The inquiry is whether the appellant had notice adequate to prepare his defense. Initially, we must decide whether the charging instrument failed to convey some requisite item of "notice" to the appellant. If such "notice" was defective, then what impact, if any did this have upon the appellant's ability to prepare his defense. Finally, how great was this impact, if any. *Adams*, 707 S.W.2d at 903.

The record reflects that in his motion to quash, appellant generally complained that he was "unable to properly prepare his defense" due to the different dates in the original complaint and information. The record thereafter is silent as to how the amendments resulted in prejudice to appellant's substantial rights. Other than complaining that the trial court had no authority to permit the amended information over

his objection, the appellant was even silent as to how he was prejudiced by the amended information during argument for a directed verdict.

The record reflects no post-trial motions by appellant alleging prejudice to his substantial rights. Further, appellant's brief contains no allegations of how his substantial rights have been prejudiced by the amended information. The appellant does not explain, how the amended information hindered his defense when he knew the correct date before the trial commenced, and where, upon his complaint and suggestion, a correction was made before the trial to reflect the correct date. I would hold the substantial rights of appellant were not prejudiced.

In his first point of error, appellant also contests the validity of the conviction because he contends the complaint was sworn to after the information. He relies on *Marlar v. State*, 364 S.W.2d 384 (Tex.Crim. App.1963), *Smith v. State*, 27 Tex.Crim. 50, 10 S.W. 751 (1889), *Turner v. State*, 3 Tex.Crim. 551 (1878) and *Thornberry v. State*, 3 Tex.Crim. 36 (1877).

*Marlan* held that a complaint sworn to after the information will not support a conviction. *Smith* held that in 1889, an information without a complaint conferred no jurisdiction on the court. *Turner* and *Thornberry* held that a sworn complaint is essential to the presentation of an information and without it the information is insufficient to support a conviction.

In the case at bar, a valid complaint was filed at the same time as the original information. When an "on or about" date is alleged, as here, the State is not bound by the date alleged, but conviction may be had upon proof that the offense was committed any time prior to the return of the indictment that is within the period of limitations. *Ex Parte Hyett*, 610 S.W.2d 787 (Tex.Crim.App.1981) (en banc).

In accommodating appellant's complaint of inability to defend, the trial court ordered the complaint amended on February 18, 1986, although the obvious clerical error involving the date of the offense could have been amended even by hand alteration on the complaint and information. *Butler v. State*, 499 S.W.2d 136 (Tex.Crim.App. 1973).

The subsequent amended information filed during the trial was properly permitted by the court.

Therefore *Marlan*, is inapplicable because the record before us reflects a properly sworn-to complaint before the information. *Turner*, and *Thornberry*, are likewise inapplicable because in the case at bar a sworn complaint supports the conviction. *Smith*, also does not apply because the record in the case at bar reflects a complaint and information to support the conviction.

Our attention is further drawn to TEX.R. APP.P. 81(b)(2) which provides:

(2) Criminal Cases. If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

Thus we note the general existing attitude of avoiding purely technical complaints from clogging the judicial process. An appellate court would be hard pressed to disagree that in the case at bar, no doubt at all exists, reasonable or otherwise, that the alleged error made no contribution to the conviction or the punishment.

I would affirm the judgment of the trial court.

DIAL, J., joins in the dissent.